CATHERINE SPIESS *v.* JOHN TRAVERSA

HOUSE, C. J., COTTER, BOGDANSKI, LONGO and BARBER, Js.

Argued January 6—decision released March 8, 1977

*David M. Reilly, Jr.,* for the appellant (defendant).

*John L. Gerardo,* with whom, on the brief, was *William T. Barrante,* for the appellee (plaintiff).

LONGO, J.  On October 24, 1969, the plaintiff was injured when the automobile she was operating at the intersection of Litchfield Street and High Street in the town of Torrington was struck by an automobile operated by the defendant.  The jury returned a verdict in favor of the plaintiff in the amount of $20,000.  The defendant has appealed from the judgment rendered on the verdict, assigning as error the refusal of the trial court to grant a mistrial on the basis of allegedly improper arguments by the plaintiff's counsel relating to damages, the failure of the court to instruct the jury to disregard the allegedly improper arguments, and the court's refusal to set aside the verdict or to issue a remittitur on the ground that the verdict was excessive.

It appears from the transcript that in his closing argument to the jury, the plaintiff's counsel argued, in part, as follows: "She [the plaintiff] is entitled to something here. She is entitled to a substantial amount of damages for what she has been going through, and I think she is entitled to something for the kind of defense—it isn't necessary that the insurance company put people up—all kinds of witnesses."[1] Defense counsel excepted to the argument and moved for a mistrial, claiming that there was a definite request made to the jury by the plaintiff's counsel to make an award based not on injuries suffered by the plaintiff but on the manner in which the defense was conducted.

The trial court in its memorandum of decision on the motion to set aside the verdict decided that the defendant's claim that the plaintiff made inflammatory, prejudicial, improper and unfair remarks to the jury during his argument lacked merit. We do not agree. The comment that the plaintiff was entitled to something for the manner in which the defense was conducted and the injection of the insurance company's attorney's ability to call witnesses because of unlimited funds were grossly improper and highly prejudicial. The court did not specially instruct the jury to disregard the plaintiff's comments, but charged the jury as follows: "Now, in a case of this sort, the fair rule of damages is that a plaintiff is entitled to fair, reasonable and just compensation for injuries and damages proximately caused by the wrongful conduct of the defendant. . . . Now the plaintiff is only entitled to recover for such damages as are alleged in her com-

---

[1] Defense counsel first mentioned that the defendant had insurance and both counsel thereafter, during the trial and in arguments to the jury, referred to insurance.

plaint. . . . And you don't award damages for the way the defense tries their case, or the way the plaintiff tries their case. That has nothing to do with it." While the plaintiff's comments to the jury were clearly improper and prejudicial and the court erred in concluding otherwise, the impact of the improper arguments was nullified by the court's charge to the jury. It must be presumed that the jury carried out the instructions of the court. *State v. Bausman,* 162 Conn. 308, 314, 294 A.2d 312.

The defendant contends that the plaintiff's counsel, in his argument to the jury, placed undue emphasis on the plaintiff's poverty, widowhood and retarded child. Ordinarily, "[c]onsiderations appealing to sympathy, such as the poverty of the plaintiff, [are] obviously foreign to the cause and improper subjects of emphasis or comment in argument." *Frohlich v. New Haven,* 116 Conn. 74, 77, 163 A. 463; *Hennessy v. Metropolitan Life Ins. Co.,* 74 Conn. 699, 52 A. 490. Although the references to the plaintiff's economic situation, the size of her family, and the reference to her retarded child may have approached the threshold of unfair argument, we find that the court obviated any prejudicial effect by specifically cautioning the jury to disregard considerations of sympathy arising from causes other than the accident in assessing damages.

Finally, we find that the defendant's claims that the verdict was excessive and ought to have been set aside or that a remittitur should have been ordered are without merit. The primary function of this court in reviewing the refusal of the trial court to set aside the verdict is to determine whether the court abused its discretion. *Desmarais v. Pinto,* 147 Conn. 109, 110, 157 A.2d 596. In denying the motion, the court stated in its memorandum of decision that

the verdict could be classified as liberal but not excessive and was not "one that 'so shocks the sense of justice as to compel a conclusion that the jury were swayed by partiality, prejudice, corruption or mistake.'" Denial by the trial court of a motion to set aside a verdict claimed to be excessive is entitled to weighty consideration. *Armstrong* v. *Garneau,* 163 Conn. 610, 611, 316 A.2d 511; *Camp* v. *Booth,* 160 Conn. 10, 273 A.2d 714. The fact that the court and the jury, who were both present to hear and evaluate the testimony, concurred in their determination is a persuasive argument for sustaining the action of the court on the motion. *Tucker* v. *Halay,* 156 Conn. 633, 634, 242 A.2d 730. The record before us fails to indicate that the court abused its discretion in refusing to set aside the verdict as excessive.

There is no error.

In this opinion the other judges concurred.