MARK TOMCZUK PPA ET AL. *v.* JACIENTO ALVAREZ ET AL.

SALVATORE CARABETTA *v.* ALEJANDRO J. ALVAREZ ET AL.

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued February 10—decision released May 12, 1981

*Harry L. Nair,* with whom was *Valentine J. Sacco,* for the appellant (named defendant) in the first case.

*William F. Gallagher,* with whom were *Alfred L. Fordiani, Jr.,* and *William G. Comiskey,* for the appellee (named plaintiff) in the first case.

*Harry L. Nair,* with whom was *Valentine J. Sacco,* for the appellants (defendants) in the second case.

*William F. Gallagher,* with whom were *Elizabeth A. Dorsey,* and, on the brief, *John R. McGrail,* for the appellee (plaintiff) in the second case.

ARMENTANO, J. These two cases were commenced as a result of a collision between two motor vehicles and were consolidated for trial. Salvatore Carabetta was operating a motor vehicle, owned by his employer, Carabetta Bros., Inc., in an easterly direction on Canyon Drive, Meriden, when it collided with the second motor vehicle traveling in the opposite direction. Alejandro J. Alvarez[1] was operating the second motor vehicle which was owned by his employer, The Meriden Record Company (Record). Mark Tomczuk, a fellow employee of Alvarez, was a passenger in Record's vehicle. In the first case,

[1] The named defendant in the first action, Jacicnto Alvarez, is the same person as the named defendant in the second lawsuit, Alejandro J. Alvarez.

Tomczuk commenced a negligence action against Alvarez, Carabetta, and Carabetta Bros., Inc., for the personal injuries he sustained. During trial, Tomczuk executed a covenant not to sue Carabetta and Carabetta Bros., Inc., in exchange for $90,000 and subsequently withdrew his complaint against them. A verdict and judgment in the amount of $150,000 was rendered in favor of Tomczuk against Alvarez from which Alvarez has appealed.

In the second case, Carabetta filed a complaint against Alvarez and Record, seeking damages for his personal injuries. Record counterclaimed for the money it had expended for medical treatment for its employee, Alvarez, pursuant to the Workers' Compensation Act. The jury returned a verdict, and the court rendered judgment for Alvarez and Record on the complaint and for Carabetta on Record's counterclaim. Record has appealed from the judgment rendered on the counterclaim.

We have reviewed Alvarez's brief and have framed his claims of error which are discussed below. The issues in the two appeals are identical so that our resolution of Alvarez's claims of error in the first appeal are dispositive of Record's arguments in the second one. In fact, the brief submitted by Record contains no argument, but merely a reference to Alvarez's brief for the appropriate discussion of the issues raised.

## I

Alvarez's appeal rests on the court's denial of his motion to set aside the verdict, which was based on seven grounds. He first argues that the court erred in not setting aside the verdict because it was contrary to the law and evidence. The front driver's

side of the motor vehicle operated by Carabetta collided with the front driver's side of the motor vehicle operated by Alvarez at approximately 6 p.m. on March 6, 1969, in the center of a ninety degree curve of a narrow, two lane, blacktop road. No painted lines separated the right-hand lane from the left-hand lane. The parties had conflicting views of the location of the motor vehicles and the speed of Alvarez's motor vehicle at the time of the accident. A crucial issue existed as to which motor vehicle crossed the center of the road, thereby causing the collision. The trial court properly delegated to the jury the function of determining whose negligence, if any, caused the accident and resulting injuries. See *Jacobs* v. *Goodspeed,* 180 Conn. 415, 417–18, 429 A.2d 915 (1980).

As a general rule, the jury as the trier of conflicting evidence is entitled to an acceptance of their verdict, unless we can say as a matter of law that the jury's conclusions were such that reasoning minds could not reasonably have reached them. *Skaling* v. *Sheedy,* 101 Conn. 545, 548, 126 A. 721 (1924). The ultimate test for determining whether to set aside a verdict is to ask if the jury could reasonably have reached the conclusion they did. *Zarembski* v. *Three Lakes Park, Inc.,* 177 Conn. 603, 610, 419 A.2d 339 (1979); *Lopez* v. *Price,* 145 Conn. 560, 564–65, 145 A.2d 127 (1958). The trial court has broad discretion when deciding a motion to set aside on this ground, and its decision will not be disturbed in the absence of a clear abuse. *Jacobs* v. *Goodspeed,* supra; *Slabinski* v. *Dix,* 138 Conn. 625, 628, 88 A.2d 115 (1952). In this case there was sufficient evidence to support the jury's verdict so that we cannot say that the court abused its discretion by

refusing to set aside the verdict on the ground that it was contrary to the law and the evidence.

## II

Alvarez also claims that his motion to set aside should have been granted because the trial court did not honor his post-verdict request to inquire whether the jury included in their award of damages the $90,000 payment by Carabetta and his employer for Tomczuk's covenant not to sue. The court has broad discretion when considering a party's request to submit interrogatories to a jury. *Falk* v. *Schuster*, 171 Conn. 5, 8–9, 368 A.2d 40 (1976). In addition, the accepted procedure requires that such a request be made prior to oral argument and not after a verdict has been returned. Ibid.; see *Keeler* v. *General Products, Inc.*, 137 Conn. 247, 252, 75 A.2d 486 (1950). Furthermore, the court clearly and unequivocally charged the jury to deduct the $90,000 payment from any damages they found were sustained by Tomczuk as a result of Alvarez's negligence.[2] It must be presumed

---

[2] The relevant portion of the charge is set out:

"All right. Now we have in this case a covenant not to sue. The defendant Carabetta and Carabetta Brothers—the defendants that would be Alvarez. The defendant Alvarez has pleaded in this action a special defense. They say that Carabetta—Salvatore Carabetta and Carabetta Brothers has paid the plaintiff the sum of $90,000 for his injuries in return for a promise not to sue by the plaintiff Tomczuk. This is admitted by the plaintiff. And I charge you that if you reach the question of damages in this case, either—and you thereafter determine that the defendant should pay a certain amount of money and you only have one defendant left, you must deduct from that figure—if you feel the plaintiff is entitled to a certain amount of money, then you must deduct the $90,000—the $90,000 from that figure. In other words, the defendant is entitled to a credit for any moneys received by the plaintiff from another alleged tortfeasor who is not a party to the action. Now, if you find that—for the plaintiff Tomczuk versus the defendant Alvarez, and if you should find that he is not entitled to more than $90,000, then you should return a verdict of $1.00 nominal damages."

that the jury carried out the instructions of the court. *Spiess* v. *Traversa,* 172 Conn. 525, 528, 375 A.2d 1007 (1977); *State* v. *Bausman,* 162 Conn. 308, 314, 294 A.2d 312 (1972).

## III

We next consider Alvarez's claim that the verdict was excessive and ought to have been set aside or that a remittitur should have been ordered. "We review the verdict in this case in the light of certain principles. First, the amount of an award is a matter peculiarly within the province of the trier of facts. *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978); *Johnson* v. *Flammia,* 169 Conn. 491, 499, 363 A.2d 1048 (1975). Second, the court should not interfere with the jury's determination except when the verdict is plainly excessive or exorbitant. *Thomas* v. *Katz,* 171 Conn. 412, 416, 370 A.2d 978 (1976). 'The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption.' *Birgel* v. *Heintz,* 163 Conn. 23, 28, 301 A.2d 249 (1972); Maltbie, Conn. App. Proc. § 197. Third, the ruling of the trial court on the motion to set aside the verdict as excessive is entitled to great weight and every reasonable presumption should be given in favor of its correctness. *Mansfield* v. *New Haven,* 174 Conn. 373, 375, 387 A.2d 699 (1978)." *Pisel* v. *Stamford Hospital,* 180 Conn. 314, 342–43, 430 A.2d 1 (1980). See *Kiniry* v. *Danbury Hospital,* 183 Conn. 448, 462, 439 A.2d 408 (1981). Likewise, in "ordering a remittitur, a fair appraisal

of compensatory damages, and not the limit of legitimate generosity, is the rule." *Brower* v. *Perkins,* 135 Conn. 675, 682, 68 A.2d 146 (1949). The court's broad power to order a remittitur should be exercised "only when it is manifest that the jury have included items of damage which are contrary to law, not supported by proof, or contrary to the court's explicit and unchallenged instructions." *Rosenblatt* v. *Berman,* 143 Conn. 31, 37–38, 119 A.2d 118 (1955). The "relevant inquiry is whether the verdict falls within the necessarily uncertain limits of fair and reasonable compensation or whether it so shocks the conscience as to compel the conclusion that it was due to partiality, prejudice or mistake." (Citations omitted.) *O'Brien* v. *Seyer,* 183 Conn. 199, 208, 439 A.2d 292 (1981).

There was medical evidence from which the jury could have found that Tomczuk sustained multiple lacerations, bruises and abrasions on his face and left leg; acute sprain of his neck and lumbar spine; and injury to his left knee. The injured left knee required, over a period of eight years, continual medical supervision, treatment and medication; major surgery; and five hospitalizations. During the last hospital visit, his knee was fused, eliminating all movement and resulting in a 60 percent disability for the remainder of his forty-seven and one-half year life expectancy. His medical bills and lost wages amounted to over thirteen thousand dollars. Finally, the jury had the right to consider Tomczuk's pain and suffering as well as the effect of his permanent injury on his ability to pursue life's enjoyments. Giving due weight to the principles

and evidence which we have stated, we conclude that the award is within the bounds of a fair, reasonable, and just compensation.

## IV

Alvarez also finds error in the court's instruction to the jury on "the right to assume" and "the unavoidable accident." We will consider each individually. The trial court did not give "the right to assume" charge requested by Alvarez,[3] but did instruct the jury in the following manner: "For after all, the test in law is whether or not a party has failed to exercise the same degree of care which an ordinary prudent person would have exercised under the same circumstances. In determining this question, you must bear in mind that everyone is entitled to assume that everyone else is exercising reasonable care and will exercise reasonable care until the contrary appears to them or would have appeared to a reasonably prudent person under the circumstances. And they are entitled to act upon that assumption. The conduct of the parties so far as it is involved in this case is to be judged not absolutely by what they know or what they see but each party is bound to a reasonable use of his or her faculties. He is bound by what he ought reasonably to have seen or known just as much as what he actually did see or know." Alvarez objected to the instruction on the ground that it did not conform to his request to charge.

---

[3] Alvarez's "right to assume" request to charge is set out:

"The defendant Alvarez had a right to assume until the contrary reasonably appeared, that the defendant Carabetta would act in a careful and lawful manner and as a prudent person, and further that the defendant was in possession of his normal senses and would make use of such senses in discovering the conditions then and there prevailing on Canyon Drive in Meriden, Connecticut."

The court is under no duty at any time to charge in the exact language requested. *State* v. *Maresca,* 173 Conn. 450, 460, 377 A.2d 1330 (1977); *Radwick* v. *Goldstein,* 90 Conn. 701, 706, 98 A. 583 (1916). Failure to charge precisely as proposed by a defendant is not error where the point is fairly covered in the charge. *State* v. *Colton,* 174 Conn. 135, 141, 384 A.2d 343 (1977). Instructions are adequate if they give the jury a clear understanding of the issues and proper guidance in determining those issues. *State* v. *Bennett,* 172 Conn. 324, 330, 374 A.2d 247 (1977); *Duley* v. *Plourde,* 170 Conn. 482, 489, 365 A.2d 1148 (1976); *Goggins* v. *Reinzo Trucking Co.,* 166 Conn. 240, 248, 348 A.2d 569 (1974). The court adequately instructed the jury with the appropriate rules of law. We do not find any substantial difference between the court's charge and the one requested by Alvarez.

In regard to the second portion of the charge, the court refused to give an "unavoidable accident" instruction despite Alvarez's request to make such a charge.[4] He claims that this is reversible error. We have already expressed our disapproval of such a charge. See *Dinda* v. *Sirois,* 166 Conn. 68, 69–74, 347 A.2d 75 (1974). The so-called defense of inevitable or unavoidable accident is nothing more than a denial by Alvarez of his negligence, or a contention that his negligence, if any, was not the proximate cause of the injury. An instruction on unavoid-

---

[4] Alvarez requested that the jury be instructed with the following "unavoidable accident" charge:

"An accident which could not be prevented by the exercise of reasonable care and prudence is called an unavoidable accident; and if you should believe from the evidence that this occurrence was of such a character as to the defendant Alvarez who alleges that he was blinded by headlights on the Carabetta vehicle, the plaintiff is not entitled to a recovery as against said Alvarez."

able accident serves no useful purpose and functions to confuse and mislead the jury and direct their attention from the primary issues of negligence, proximate cause and burden of proof. An additional, unnecessary instruction on the concept of unavoidable accident would only complicate the rules concerning negligence, proximate cause and burden of proof which must be explained to the jury. Instructions concerning unavoidable accident usually should be given only when the record can support a finding that the negligence of neither party is involved. When a foundation has been established it still remains within the sound discretion of the trial judge to determine whether an unavoidable accident charge is appropriate. Even if we assume an abuse of discretion, instructions on negligence, proximate cause and burden of proof could operate as a sufficient substitute for the unavoidable charge so as to preclude us from finding error. See ibid.; *Raia* v. *Topehius,* 165 Conn. 231, 231–35, 332 A.2d 93 (1973); *Robinson* v. *Faulkner,* 163 Conn. 365, 370–71, 306 A.2d 857 (1972); *Hedberg* v. *Cooley,* 115 Conn. 352, 355, 161 A. 665 (1932); 57 Am. Jur. 2d, Negligence §§ 15–19; Wright, Connecticut Law of Torts, p. 3; annot., 65 A.L.R.2d 12.

Alvarez argues that the collision between the two motor vehicles was unavoidable because "he was blinded by headlights on the Carabetta vehicle." This fact, without more, is not sufficient to lay the foundation that the negligence of neither party was involved in the accident. Although he has not attacked the adequacy of the court's instructions on negligence, proximate cause and burden of proof, we have examined them and find them adequate.

## V

The final assignment of error is based on a claim of an improper final argument. During trial, the counsel who represented the defendants Carabetta and Carabetta Bros., Inc., in the first lawsuit, also represented the plaintiff Carabetta in the second action. During his final argument, reference was made to the $90,000 settlement and its partial distribution as payment for attorneys' fees and medical expenses.[5] Alvarez moved for a mistrial claiming that the remarks were improper, prejudicial and illegal. The trial court denied that motion to which Alvarez responded with a request for a curative charge. The trial court agreed that the reference to the division of the $90,000 was improper and instructed the jury to disregard that portion of the argument.[6] The actual payment of the money as

---

[5] The court reporter did not record the portion of the argument claimed by the defendant to be objectionable. In response to his motion for rectification of appeal, the parties stipulated that the following remarks were made:

"The defendants Salvatore Carabetta and Carabetta Brothers, Inc. have effected a settlement with the plaintiff Mark Tomczuk in the amount of $90,000 which has been paid to him and pursuant to which the plaintiff Mark Tomczuk has executed a covenant not to sue the defendants Salvatore Carabetta and Carabetta Brothers, Inc. This is a very unusual situation because I represent these defendants in this case and also have a plaintiff's case in which I represent the defendant Salvatore Carabetta. I want the jury to understand the exact reason for that covenant not to sue so that the jury will not consider that covenant as any admission of liability. The situation is unusual because of the fact that usually when a covenant not to sue is given, the person who pays the money for the covenant leaves the case. In this case I am here with two different interests to protect. Notwithstanding the settlement of $90,000, the plaintiff Tomczuk will be left with only $47,000 when attorneys' fees and his special damages are paid out of that sum."

[6] The court's curative charge is set out:

"Now during arguments Attorney McGrail referred to attorney's

consideration for Tomczuk's covenant not to sue became material to the case because Alvarez pleaded it as a special defense to the action against him. After verdict and judgment, Alvarez moved to set aside the verdict on the ground of improper and prejudicial argument by counsel which motion the court denied.

"The trial court is invested with a large discretion with regard to the arguments of counsel, and while its action is subject to review and control, we can interfere only in those cases where the discretion was clearly exceeded or abused to the manifest injury of some party." *Levin* v. *Ritson,* 179 Conn. 223, 226, 425 A.2d 1279 (1979), quoting *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 342–43, 160 A.2d 899 (1960). As we have previously stated, a motion to set aside a judgment is addressed to the court's discretion, and action of the court will not be disturbed unless it has acted unreasonably and in clear abuse of its discretion. Alvarez himself raised the $90,000 settlement when he pleaded its payment as a special defense. In addition, the court's curative charge nullified any prejudicial impact of the improper portions of the opposing counsel's argument. We can assume that the jury followed this instruction. *Spiess* v. *Traversa,* 172 Conn. 525, 375 A.2d 1007 (1977); *State* v. *Bausman,* 162 Conn. 308, 294 A.2d 312 (1972). We find no abuse of the court's discretion in either its review of the closing argu-

---

fee and an in-pocket figure of $47,000.00. I am instructing you to disregard those comments in that they refer to facts that are not in evidence which will be the exhibits and the testimony that you heard. You cannot consider anything else. You can't go outside of that. Now, if counsel have gone outside of that, you are going to have to disregard that because your consideration is limited to what you heard on the stand and what you have in the exhibits."

ment or in its denial of the motion to set aside the verdict because of improper and prejudicial argument.

Since the issues in the second appeal are identical to the ones we have just considered, there is no need to repeat our analysis in this opinion.

There is no error in either appeal.

In this opinion the other judges concurred.