[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The jury returned a defendant's verdict rejecting the Heritage Village Master Association's (Master Association) product's liability suit against the Heritage Village Water Company (Water Company). The Master's Association, representing many condominium owners in a retirement community, claimed the water supplied by the Water Company was defective because it was unduly corrosive to the soft copper tubing used to pipe it into the condominium units. The high carbon monoxide content in the presence of low, or acidic, ph in pure water was claimed by the plaintiff's experts to be the cause of the multiple leaks causing extensive repairs and other damages. The Water Company claimed, also through expert testimony, that these leaks had other causes, defective pipes, exterior corrosion, stagnant water corrosion, and pipe stress resulting from mechanical means and freezing.
 A
The jury accepted the testimony of the defendant's experts and there being a reasonable basis for the defendant's verdict, this court may not substitute its own view of the of the conflicting evidence and set aside the verdict on these grounds. Tomczuk v. Alvarez, 184 Conn. 182, 185: D'Arcy v. Shugrue, CT Page 54765 Conn. App. 12, 15, cert. den. 197 Conn. 817.
 B
The plaintiff offered a DPUC report which concluded, after a contested DPUC hearing, that the Water Company's water was the cause of the extensive pipe failures. In the absence of testimony that the conclusion was based upon that agency's own testing or examination of the pipes and the water, the report was essentially the DPUC's acceptance of the plaintiff's expert testimony before it. Since the contest at this trial between the experts was for the jury to resolve, the court found that the report would have an aura of special reliability which was not commensurate with its actual trustworthiness or reliability. See City of New York v. Sullivan, Inc., 662 F.2d 910, 915, (2 Civ. 1981), cert. den. 454 U.S. 11 64 (1982). The report was also an opinion of the DPUC accepting the plaintiff's experts, not subject to cross examination which depended upon the credibility of those expert opinions and the weight accorded to their testimony. As pointed out in Lawrence v. Kozlowski, 171 Conn. 705, 722, in such circumstances the admissibility of such a report in an administrative hearing might not be upheld. He also, the court, was faced with the offer of conclusions, which need only have been based upon substantial supporting evidence before the DPUC, concerning which the plaintiff had the burden of proof before the jury by a fair preponderance of the evidence. In these circumstances, the likelihood of confusion was another factor leading the court to deny the report's admissibility.
The court will adhere to its ruling and deny the motion on these grounds.
 C
As to the grounds urged to set aside the verdict, the court will adhere to its previous rulings upon evidentiary matters and with respect to its charge. With respect to the court's questions of Dr. Campbell, the court notes no objection or motion during trial by counsel for the plaintiff.
The court therefore will deny the motion to set aside the verdict on all grounds.
McDONALD, J.