[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE
In this malpractice case, the jury rendered a verdict in favor of the defendant, Dr. Patricia Brines. The plaintiff has filed a motion to set the verdict aside based on three categories of claimed errors.
1. Evidentiary rulings.
2. Failure to give requested charges.
3. Errors in the given charge.
 I.
Under the first category, the plaintiff's initial claim is that the court erroneously admitted into evidence an affidavit of the plaintiff, Sandra Ayala (defendant's Ex. 2). The plaintiff's amended complaint (para. 19) alleges that as a result of the defendant's negligence, the plaintiff suffered severe physical and emotional pain, she was caused to fear for her life, and she suffers ongoing emotional trauma from the fact of her sterility and a fear of conditions which might have been contracted during the many blood transfusions she underwent. The affidavit in question was filed some two years after the alleged negligence of the defendant, in connection with the plaintiff's complaint for a legal separation and application for a restraining order against her husband, due to marital difficulties. The affidavit sets forth complaints of threats of physical pain and injury by her husband, physical assault and threats of assault, threats to take her child to Puerto Rico, and, an order restraining and enjoining her husband from assaulting, molesting, sexually assaulting or attacking her. The affidavit was relevant to the plaintiff's complaints contained in paragraph 19 of her amended complaint. CT Page 5797
The next claim of error in evidentiary rulings concerned the failure of the court to allow plaintiff's counsel to cross-examine a Dr. Mitler, the defendant's partner, by asking him to comment on the deposition testimony of a Dr. Goodhue. Our courts have held improper, attempts to ask one witness to characterize the testimony of another witness. Tait Laplante, Handbook of Connecticut Evidence, Section 7.12C, at page 89, and cases cited therein.
The plaintiff next claims that the court granted the defendant's motion to preclude the plaintiff from calling medical witness, Dr. Pete Goodhue. The defendant's objection was based on the failure of the plaintiff to list Dr. Goodhue as an expert under the provisions of Practice Book 220. Plaintiff's counsel argued that he saw no need to list Dr. Goodhue since the defendant had listed such doctor as one of his expert witnesses. The defendant's listing occurred prior to the time when Dr. Goodhue's deposition was taken. At such deposition, Dr. Goodhue expressed a medical opinion which was adverse to the defendant's position. Plaintiff's counsel should have been put on notice that the defendant would hardly call a witness whose testimony he knew would be adverse. Practice Book 220D mandates disclosure of each party's experts within a specified number of days from the date the case is claimed to the trial list. If this requirement is not met, this section mandates that "such expert shall not testify except in the discretion of the court for good cause shown" (emphasis supplied). The court, in its discretion, was unable to find "good cause" in counsel's reliance on the defense calling a witness it knew would be devastating to its position.
The next assignment of error with respect to evidentiary rulings is the claim that the court failed to allow the plaintiff reasonable cross-examination of the defendant's expert Dr. Mitler on the issue of malpractice actions pending against him. Such inquiry involves collateral matters which may have no relevancy and it would be difficult to minimize the prejudicial effect such inquiry would produce.
The next complaint involved the court's sustaining of the defendant's objection to plaintiff's direct examination of the defendant Dr. Brines with regard to the absence of sensitivity studies performed on the pathology reports at Milford Hospital on July 10th and 12th, 1985. The court cannot comment on this assignment of error other than to state that it sees no relevancy of this claimed error to any issue in the case.
Finally, under claimed evidentiary errors, the plaintiff assigns the sustaining of the defendant's objection to the CT Page 5798 introduction of plaintiff's Exhibit I for identification. This concerned itself with a written report of a Dr. Goldner, who wrote that he saw the plaintiff only once, did not examine her and that the visit was for the purpose of getting her medications refilled. This report, therefore, does not qualify for admission under Conn. Gen. Stats. 52-174 as the report of a treating physician. Apart from this, the only possible relevancy of this report would be to the damage aspect of the case, and, since, there was a defendant's verdict, no prejudice results to the plaintiff.
 II.
Under the category of the failure of the court to charge as requested, the first assignment of error is that the court failed to charge that the proper determination of proximate cause is to look back from the injury to the claim of malpractice, that the court failed to define "substantial factor," and, that the court failed to instruct the jury that proximate cause is established if the injury is shown to be a "reasonably probable consequence" of the claimed negligence. There is hardly a principle regarding jury instructions which is more frequently cited than the holding that courts are under no duty to charge in the language of the requests. The court gave the classic charge on proximate cause explaining that our Supreme Court has laid down the rule that in order to find proximate cause the jury must find that the defendant's conduct was a substantial factor in bringing about the plaintiff's injuries. It instructed the jury that proximate cause must be proved by a fair preponderance of the evidence and that if it found that the plaintiff's injuries would have resulted anyway, even if it found no negligence on the part of the defendant, such negligence would not have been a substantial factor in causing the injuries. The court cannot find prejudice to the plaintiff in failing to give the instructions in the express language of the requests.
The plaintiff next assigns as error the failure of the court to instruct the jury on the doctrine of concurring cause. The court does not recall that this was an issue in the case, hence, such request was not given.
The plaintiff then assigned as error the failure of the court to instruct the jury that expert opinions must be based on "reasonable probabilities." The court charged exhaustively on the credibility of witnesses, including expert witnesses and feels that there was no way the jury could have not understood that in order to lend credibility to a witness' testimony, it must find that the witness' testimony must have been logical, convincing and reasonably probable. CT Page 5799
The plaintiff next assigned as error the failure of the court to charge on the doctrine of taking the victim as the defendant finds her. Such a charge might have been appropriate on the issue of damages. Since, this trial resulted in a defendant's verdict, the failure to give such an instruction was not prejudicial.
Finally, error is assigned to the court's charge on adverse inference in that the court failed to specifically mention Dr. Peter Goodhue in its instructions relating to the charge on adverse inference. With some reservation, the court did give the charge on the adverse inference rule. Dr. Goodhue's deposition was taken long before the trial of this case and both parties knew of his opinion relative to the issue of the defendant's claimed malpractice. It hardly seems likely in view thereof, that Dr. Goodhue would have been called as a witness by the defendant. It is unfortunate that the plaintiff failed to list Dr. Goodhue as an expert in accordance with the requirements of Practice Book 220 but the failure to do so cannot be based on his unwarranted reliance that the defendant would produce him. At any rate, in summation, plaintiff's counsel called attention to the non-appearance of Dr. Goodhue as a witness, and the jury must have been well aware that the charge relating to the adverse inference rule had reference to Dr. Goodhue without mentioning him by name. Finally, Dr. Goodhue's testimony would probably have been cumulative to the testimony of the plaintiff's expert, Dr. Jordan Horowitz, and the court can find no prejudice to the plaintiff resulting from the failure of the court to mention Dr. Goodhue by name in its instruction on the adverse inference rule.
 III.
In her assignment of errors directed to the court's actual charge, the plaintiff claims that the court erroneously instructed the jury on the standard of proof by the analogy of the scales, specifically asserting that the court failed to instruct the jury that if the scales were to tip at all to the plaintiff's proof that the plaintiff should prevail on that fact. This assertion is just not so. The court charged exactly that.
The plaintiff next complains that the court interjected the term "trial by ambush" suggesting the court's own opinion of the evidence when such opinion was neither reasonable nor warranted. This claimed error in the use of the term "trial by ambush" is taken entirely out of context. The court was simply explaining the role of the pleadings in the trial of a case, pointing out that the pleadings were intended to put each party on notice CT Page 5800 what to expect at the time of trial. The court is puzzled by the insinuation that by using the term "trial by ambush," it was suggesting its opinion of the evidence or in which direction such opinion might be directed. At any rate, no exception was taken to the court's use of such language, and the plaintiff gains nothing by this assignment of error.
The next assignment of error is that the court mischaracterized the testimony of Drs. Mitler and Fishman with regard to the plaintiff's infection on July 16, 1985. In discussing the testimony of Dr. Mitler, the court told the jury that it was his opinion that, based on clinical observations, there was no evidence of infection. Dr. Mitler took the stand twice. The first time, Dr. Mitler was called by plaintiff's counsel and during cross-examination by defendant's counsel, testified that blood cultures taken while the plaintiff was in Milford Hospital between July 10th and July 15th, revealed the absence of amniotitis (infection). The second time, Dr. Mitler was put on the stand by defendant's counsel and on direct examination testified that there was no evidence of infection based on the cultures taken.
Dr. Fishman, on cross-examination, although admitting that no one could tell whether there was an infection on the days in question, testified that there was no reason to suspect such infection. The court is unable to agree that in its discussion of the evidence, it mischaracterized the doctors' testimony. Apart from this, however, the court several times emphatically told the jury that if it discussed the evidence during its instructions, unless what the court said accorded with the jury's recollection of the evidence, it was at liberty to disregard what the court said and apply only its own recollection. It was stressed to the jury that it was to find the facts, regardless of what either the court or counsel claimed about the evidence. It must be presumed that the jury followed the court's instructions. Spiess v. Traversa,172 Conn. 525, 528.
The plaintiff's final claim is that the court incorrectly instructed the jury on the standard of proof. The court charged fully on the burden of proof and what is meant by a fair preponderance of the evidence. By adding the instruction that if the jury arrives at a point where they say "I don't know" or "it's too difficult to decide" then plaintiff hasn't sustained her burden, is simply another version of telling the jury that in order to prevail, the plaintiff must prove to the jury's satisfaction that her evidence has tipped the scale in her direction.
Significantly, in none of the claimed errors listed in the CT Page 5801 third category, errors in the court's actual charge, did the plaintiff take exception at the conclusion of the charge. Messina v. Iannucci, 174 Conn. 275, 278, 279. Because of this failure, plaintiff's counsel now falls back on the plain error doctrine. Practice Book 4185. This case does not lend itself to such doctrine. "Such review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings". Smith v. Czescel,12 CA 558, 563; Small v. South Norwalk Savings Bank, 205 Conn. 751,759. "An important factor in determining whether to invoke the plain error doctrine is whether the claimed error `resulted in an unreliable verdict or a miscarriage of justice'". Smith v. Czescel, supra.
The court can find no reason, compelling or otherwise, to invoke this doctrine in this case, particularly, in view of plaintiff's counsel's remark at the conclusion of the charge, "It was a very good charge".
The motion to set aside the verdict is denied.
BELINKIE, STATE TRIAL REFEREE