[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE (#149)
On September 8, 1994 a jury returned a verdict in favor of the defendant, Brian McCarthy, M.D. on a claim for malpractice brought by the plaintiff, Erlis Gables. The plaintiff has now moved to set aside the verdict claiming improper closing argument made by defendant's counsel which argument included facts not in evidence, CT Page 10296 made reference to an argument that the defendant was "pilloried in the press", asked the jury to consider what their verdict for the plaintiff would do to the defendant's medical career, and asked the jury to consider what their verdict for the plaintiff would do with respect to the defendant's other patients.
The plaintiff's counsel immediately objected to the comments, and the Court sustained that objection. The plaintiff's counsel then proceeded with further chastisement in the second portion of his closing argument. After the plaintiff's counsel concluded, the Court gave a curative instruction, as the plaintiff's counsel had requested.
The Court charged the jury as follows:
 . . . Now during Ms. Zito's argument, reference was made to certain effects upon Doctor McCarthy. Insofar as you might consider that as plea for sympathy, of course you will disregard it.
 The court has not — although I could have, but I didn't — read any newspaper articles that may have appeared in any local press. However — I hope counsel doesn't object to this. But based upon my experience, what sometimes is done by the press is they examine the file, they look at the pleadings, and they report what is set forth in the pleadings. And you will have them. So as far as what information might have been in there which might be detrimental to Doctor McCarthy, that is a matter of public record which you will have to read, the allegations of what things he did or didn't do or what he should have done or shouldn't have done. I doubt that there is anything else that would be in the articles except anything you may have heard in evidence.
 But at any rate, you should not decide the case based upon any effect upon other patients or his practice or anything else in reaching your decision. You will decide the case strictly on the evidence you have heard in court and not on anything else, the effect on either Doctor McCarthy CT Page 10297 or Mr. Gables.[1]
The law is clear that selected comments made during the heat of closing argument are not grounds for setting aside a verdict except under the most egregious circumstances. Compare, e.g., State v. Couture, 194 Conn. 530,561, 482 A.2d 300 (1984), cert, den. 469 U.S. 1192
(1985) (Prosecutor in opening summation referred to defendants as "murderous fiends," "rats," "cold blooded and merciless killers," and "the most inhumane, unfeeling and reprehensible creatures that God has damned to set loose upon us," with trial court overruling defendant's repeated objections to these remarks) with State v.Fullwood, 194 Conn. 583, 585, 484 A.2d 435 (1984) (Supreme Court found no error in trial court's failure to order a new trial based on allegedly improper prosecutorial comments during losing argument, holding that the record in its totality revealed neither a deliberate disregard of judicial rulings, nor deliberate remarks which were "`facially improper, persistent, and pronounced.'"). The comments at issue in this case — though best left unsaid — did not rise to that requisite level of egregiousness. See also Tomczuk v. Alvarez,184 Conn. 182, 193, 439 A.2d 935 (1981) (Court's curative charge nullified any prejudicial impact of improper portions of opposing counsel's argument regarding plaintiff's settlement with codefendant); Spiess v.Traversa, 172 Conn. 525, 528, 375 A.2d 1007 (1977) (Although references to plaintiff's poverty, large family and mentally impaired child approached unfair prejudice, the court's curative instruction remedied any that could have resulted); Marko v. Stop Shop, 169 Conn. 550,558-9, 364 A.2d 217 (1975). While remarks of plaintiff's counsel re large corporations were inappropriate, Court said they could not be said to have so far exceeded the bounds of fair comment and legitimate argument as to require setting aside the verdict; furthermore, the trial court's cautionary instruction obviated any possibility of prejudice); Kowalewski v. Mutual Loan Co., 159 Conn. 76,81, 266 A.2d 379 (1970) (Remarks of counsel regarding client not being "big money making corporation" held not fatally prejudicial); Begley v. Kohl Madden PrintingInk Co., 157 Conn. 445, 452, 254 A.2d 907 (1969) (Trial court held not to have abused discretion in refusing to set aside verdict in face of defense counsel's asking CT Page 10298 jury in closing argument whether they would like to be sued or have their company sued under the same circumstances); Bryar v. Wilson, 152 Conn. 162, 164-5,204 A.2d 831 (1964) (Court's curative instructions overcame any prejudice induced by counsels' improper arguments regarding insurance); Falzone v. Gruner,132 Conn. 415, 420, 45 A.2d 153 (1945) (Court's instruction cured prejudicial impact of statement re effect of plaintiff decedent's death on "wounded son . . . returning from military service"); Lucas v. So. Norwalk Trust co.,121 Conn. 201, 203, 184 A. 157 (1936) (comment that "we are now paying for bankers' mistakes" held not to exceed permissible limits of argument). See also Archambeault v.Jamelle, 100 Conn. 690, 695, 124 A. 820 (1924) (Court held that counsel should have moved for dismissal of jury following misconduct of opposing attorney rather than first take the chance of a favorable verdict, then claim right to new trial when verdict was unfavorable).
For the foregoing reasons, the plaintiff's motion to set aside the verdict is denied. The comments here at issue were limited and isolated and any possibility of their unfairly prejudicing the jury was obviated by the plaintiff's objections, by the court's sustaining that objection, by the plaintiff's own remedial comments in the second portion of his closing argument, and by the Court's curative charge.
PICKETT, J.