[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 17, 1996
The present lawsuit involves a motor vehicle accident on the Merritt Parkway in Trumbull, CT. The plaintiff, a state trooper alleges he was stopped in the left westbound lane with blue and red roof lights flashing from his vehicle. The defendant allegedly also traveling westbound on said highway struck the CT Page 4896 plaintiffs vehicle. On April 12, 1995, the defendant filed an answer and four special defenses alleging contributory negligence, accidental in nature caused by weather conditions, unavoidable accident and sudden emergency.
The plaintiff now moves to strike the second special defense alleging an accident caused by weather conditions, the third special defense alleging unavoidable accident and the fourth special defense alleging sudden emergency. Both the plaintiff and defendant have filed memorandums of law. The purpose of a motion to strike is to contest the legal sufficiency of a special defense. Practice Book § 152(5), Novak v. Novak, 175 Conn. 112,116 (1978).
In ruling on a motion to strike the court must consider the facts pled and they must be construed in a light most favorable to the [nonmoving party]. Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214, 215, 618 A.2d 25 (1992).
`This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the [pleading] . . ." S.M.S. Textile v. Brown, Jacobson, Tillinghast,Lahan and King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993).
The plaintiff argues that the defendant's special defenses alleging an accident in nature caused by weather conditions, unavoidable accident and sudden emergency are legally insufficient in that they should properly be pleaded by way of a denial of negligence. In a consolidated case in which the defendant pleaded the same special defenses, the court stated: "under Connecticut practice facts tending to show that there was a sudden emergency or unavoidable accident can be proven under a simple denial since they bear on the degree of care required by that person confronted with the emergency." Bikakis v. Alcock,
Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 313691 (August 1, 1995) (Freedman, J. 15 CONN. L. RPTR. 161), quoting Silvernail v. Barasalou, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 513412, 8 CONN. L. RPTR. 70 (December 10, 1992) (Wagner, J.). "While the negligence of a plaintiff must be raised by special defense pursuant to Practice Book § 167, it appears that facts supporting a denial that the defendant's actions were causative is to be raised by a denial not by a special defense.McCoy v. Vuola, Superior Court, Judicial District of New Haven at CT Page 4897 New Haven, Docket No. 316972 (April 7, 1995) (Hodgeson, J.). Furthermore "[t]he so-called defense inevitable or unavoidable accident is nothing more than a denial . . . of [the defendant's] negligence, or a contention that [the defendant's] negligence, if any, was not the proximate cause of the injury." Tom C. Zuk v.Alvarez, 184 Conn. 182, 190, 439 A.2d 935 (1981).
In the present case, the court grants the plaintiffs motion to strike the defendant's second, third and fourth special defenses.
GROGINS, J.