[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT (#140);DEFENDANT'S MOTION FOR JUDGMENT (#144)
The plaintiff, Joseph Gioia brought his action through his parents, Vincent Gioia and Janet Gioia against the defendants, Pennsylvania General Insurance Company and General Accident Insurance Company of America to recover for underinsured motorist coverage. The parties entered into a stipulation of facts as follows:
"STIPULATION OF FACTS
The parties agree to the following facts, and stipulate that they are true:
1. This case arises out of a collision that occurred on Route 8 northbound in Harwinton, Connecticut on July 21, 1990.
2. The collision occurred shortly after midnight.
3. Joseph Gioia had been a passenger in a car driven by Sharon Wilcox, and owned by her father, Edd Wilcox.
4. The Wilcox car was insured by the defendants, Pennsylvania General Insurance Company, also known as General Accident Insurance Company.
5. While Sharon Wilcox was driving on Route 8, the car broke down. She pulled the car to the side of the road.
6. Joseph Gioia and the other two passengers, Cathy Wilcox and Shaina Matisoff, got out of the car to push while Sharon Wilcox steered. CT Page 5316-YYYY
7. It is disputed whether Joseph Gioia was still pushing, or in the process of pushing the Wilcox vehicle or whether he had stopped pushing the vehicle at the time of the collision.
8. The collision occurred when another car, driven by James Moffatt, collided with the rear of the Wilcox car.
9. Joseph Gioia was standing behind the Wilcox car at the time of the collision, and was injured as a result."
In addition to the stipulation, there was additional evidence presented to the jury. The policy in question provided in pertinent part:
a. "Insured" as used in this Part means:
1. You or any "family member."
 2. Any other person "occupying" "your covered auto."
 b. "Occupying" means in, upon, getting in, on, out or off.
The case was submitted to the jury for the purpose of answering four interrogatories to which they responded as follows:
INTERROGATORIES
1. On July 21, 1990 at the time of the collisions between the Wilcox vehicle and the Moffatt vehicle was Joseph Gioia in physical contact with the Wilcox vehicle?
 Yes No x ----- -----
2. On July 21, 1990 at the time of the collision between the Wilcox vehicle and the Moffatt vehicle was Joseph Gioia "upon" the Wilcox vehicle?
 Yes No x ----- ----- CT Page 5316-ZZZZ
3. On July 21, 1990 at the time of the collision between the Wilcox vehicle and the Moffatt vehicle was Joseph Gioia "on" the Wilcox vehicle?
 Yes No x ----- -----
4. On July 21, 1990 at the time of the collision between the Wilcox vehicle and the Moffatt vehicle was Joseph Gioia "getting off" the Wilcox vehicle?
 Yes No x ----- -----
The plaintiff has filed a motion to set aside the verdict claiming it to be contrary to the evidence and contrary to the law.
 "In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict. . . . The verdict will be set aside and judgment directed only if . . . the jury could not reasonably and legally have reached [its] conclusion. . . . If, on the evidence, the jury could reasonably have decided as [it] did, [the reviewing court] will not find error in the trial court's acceptance of the verdict. . . . However, it is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the evidence. . . ." Boyce v. Allstate Insurance, 236 Conn. 375, 381, 673 A.2d 77
(1996).
Kunst v. Vitale, 42 Conn. App. 528 536.
The standard that a party must meet to have a jury verdict set aside is among the most demanding in all of the civil justice system. The moving party must prove as a matter of law that reasonable minds could not reasonably have decided as the jury did. See Tomczuk v. Alvarez, 184 Conn. 182 (1981). In Tomczuk v.Alvarez, supra, 185, the Connecticut Supreme Court set forth the standard as follows:
As a general rule, the jury . . . is entitled to an CT Page 5316-AAAAA acceptance of their verdict, unless . . . as a matter of law that the jury's conclusions were such that reasoning minds could not reasonably have reached them. The ultimate test for determining whether to set aside a verdict is to ask if the jury could reasonably have reached the conclusions they did.
In determining whether a verdict should be set aside, the court is obligated first to review the evidence giving it a construction most favorable to sustaining the jury's verdict. SeePagoni v. BTII Limited partnership, 24 Conn. App. 739, 747
(1991). Although the court' discretion is broad, the discretion to set aside a verdict is not unfettered. A serious constitutional issue can be raised by setting aside the verdict of a jury because the parties have a constitutional right to have factual issues decided by a jury. See 6, W. Moller and W. Horton,Connecticut Practice section 11.24; see also Lee v. Lee,171 Conn. 1, 3 (1976) (;Gosselin v. Perry, 166 Conn. 152, 168 (1974).
The plaintiff claims that he was "between" the cars at the time of the collision and, therefore, in contact with the Wilcox vehicle. The fact that Joseph Gioia may have been behind the Wilcox vehicle at the time of the accident does not place him in contact with it at the time that he as struck by Mr. Moffatt.
Throughout the trial and in closing arguments, counsel has argued that the plaintiff was in the process of pushing the Wilcox vehicle at the time immediately prior to the accident. Cathleen Wilcox testified that they had ceased pushing the vehicle and that she and Joseph were engaged in a conversation at the time just prior to the accident. Cathleen Wilcox testified that Joseph was neither pushing or touching the Wilcox vehicle at the time of the accident. In addition, she testified that the purpose for pushing the vehicle had ceased and that she and Joseph had been told by Sharon Wilcox that they should cease pushing the vehicle. Sharon Wilcox testified that at the time that Joseph was struck, he was no longer pushing the Wilcox vehicle. The plaintiff seeks to assert that because Joseph was behind the vehicle, he must, therefore, have been in contact with it at the time of the collision.
The plaintiff seeks to have the court substitute its judgment for the factual findings of the jury in this case. It is well-settled that a party has a constitutional right to have factual issues decided by a jury. In the instant case, there was no CT Page 5316-BBBBB direct evidence that Joseph was in physical contact with the Wilcox vehicle at the time of the accident. Therefore, it was reasonable and well within the jury's province to conclude that, in fact, he was not in physical contact with the Wilcox vehicle and, therefore, was not on the Wilcox vehicle at the time of impact.
For the reasons stated the Court denies the plaintiffs' motion to set aside the verdict and enters judgment consistent with the jury's finding of fact on the defendant's motion for judgment.
PICKETT, J.