[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Erin O'Dwyer, commenced this action by filing a complaint on January 16, 1996, sounding in negligence in three counts against three different defendants arising from an automobile accident which occurred while she was a passenger in her own car. In the third count, against defendant Stephen A. Sebjan, she alleges that the defendant was driving the plaintiff's car with the plaintiff's permission when he proceeded through a stop sign and was hit by a bus. The bus was driven by Anthony F. Silva, Jr. and owned by Housatonic Area Regional Transit, Inc., both of whom are defendants who are not parties to the present motion to strike. As a result of the accident, the plaintiff claims that she suffered a variety of personal injuries, and she now seeks money damages.
The defendant filed an answer and special defense, and in the special defense, the defendant asserts that "[t]he accident was the result of a sudden emergency and was unavoidable." The plaintiff has filed a motion to strike this special defense pursuant to Sec. 152(5) of the Practice Book, challenging the defense as being legally insufficient.[1]
A motion to strike tests the legal sufficiency of a special defense. Section 152(5) of the Practice Book; Nowak v. Nowak,175 Conn. 112, 116. In ruling on a motion to strike, the court has an obligation to construe special defenses in the manner most favorable to sustaining their legal sufficiency. ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-73. "The legal conclusions or opinions stated in the special defense are not deemed admitted, but rather must flow from the subordinate facts provided." County Federal Savings Loan Assn. v. Eastern Associates, 3 Conn. App. 582, 586.
In her memorandum in support of her motion to strike, O'Dwyer argues that the defendant has not alleged in its special defense that the plaintiff's facts as alleged are untrue. Further, the plaintiff argues that the "defenses of sudden emergency and unavoidable accident are more appropriately proven under a simple CT Page 7412 denial," and that "it has been found to be the better course of action to strike those defenses." In his memorandum in opposition, the defendant argues that the defenses of unavoidable accident and sudden emergency are appropriate as defenses and that "there can be no harm to the plaintiff having these special defenses remain. . . ."
The defendant's special defense states only the legal conclusion that "[t]he accident was the result of a sudden emergency and was unavoidable." This defense does not sufficiently plead facts tending to show that the plaintiff has no cause of action. See Sec. 164 of the Practice Book; Grant v.Bassman, supra. In fact, this defense does not plead facts at all. "For [the defendant's special defense] to withstand a motion to strike, these allegations must contain facts supporting the legal conclusions and not simply bare legal conclusions."Interlude, Inc. v. Skurat, Superior Court, judicial district of Danbury, Docket No. 319118 (September 1, 1995, Stodolink, J.) As such, the defendant's special defense is legally insufficient and should be stricken.
The plaintiff also argues that the defenses of unavoidable accident and sudden emergency are better pleaded as a general denial. Several Superior Court cases have stricken these defenses using that reasoning,[2] and Sec. 164 does not require these defenses to be specially pleaded. Each of the Superior Court cases relied on the theory that unavoidable accident and sudden emergency are better pleaded as denials. See Tomczuk v. Alvarez,184 Conn. 182, 191.
Nevertheless, Sec. 164 is permissive, not mandatory,Buitekant v. Zotos Corporation, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135874 (February 20, 1996, Karazin, J.), and while it may be "unnecessary for the defendant to plead this defense specially . . . this does not mean that a pleader may not plead specially a defense which he is entitled to assert under a general denial." Davis v. Gleeson,5 Conn. Sup. 325 (1937). Moreover, the court must view the special defense in the light most favorable to the defendant. SeeConnecticut National Bank v. Douglas, supra. Finally, "`[a] party still has the right to plead his case in his own way unless he runs counter to some rule of pleading.'" Barfield v. Gasparri,
Superior Court, judicial district of Waterbury, Docket No. 111081 (October 12, 1993, Sylvester, J.), quoting First National Bank v.Blakeslee, 4 Conn. Sup. 354 (1936). CT Page 7413
Notwithstanding the above stated case law that would support a denial of the plaintiff's motion to strike the defendant's special defense, the defendant herein has failed to plead a legally sufficient special defense. Accordingly, the plaintiff's motion to strike is granted.
Moraghan, J.