[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (117)
The plaintiff, Steven Macary, filed a complaint on October 31, 1997. In the first of three counts, the plaintiff alleged, inter alia, that the carelessness and negligence of the defendant, Serafim Pais, caused an automobile collision resulting in injuries to the plaintiff.
On January 23, 1998, the defendant filed both an answer and a special defense to the first count. The special defense states that the subject automobile collision was unavoidable because the defendant encountered an oil-like spillage on the roadway, which CT Page 15468 rendered the defendant unable to stop and caused his vehicle to slide into the plaintiff's vehicle.
On May 27, 1998, the plaintiff filed a motion to strike the defendant's special defense on the grounds that (1) the special defense of unavoidable accident is legally insufficient because it is appropriately pleaded and proved under a simple denial, and (2) the special defense of unavoidable accident results in confusion and unfair prejudice. As required by Practice Book §10-42, the plaintiff filed a memorandum in support of his motion to strike and the defendant was timely in filing an objection.
"[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see alsoConnecticut National Bank v. Voog, 233 Conn. 352, 354-55,659 A.2d 172 (1995). A motion to strike "shall separately set forth each . . . claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book § 10-41; Bouchard v. People's Bank, 219 Conn. 465,468 n. 4, 594 A.2d 1 (1991). A motion to strike may be defective even if the required reasons are contained in the supporting memorandum. Bouchard v. People's Bank, supra, 219 Conn. 473 n. 4. The motion may still be considered, however, if the non-moving party fails to object to its form. See Id. (considering motion to strike consisting only of statement that plaintiff "failed to state a claim upon which relief can be granted"). A motion that adequately submits the material issue to the court is sufficient to comply with the requirements of § 10-41 even if it lacks specificity. See Rowe v. Godou, 209 Conn. 273, 275, 550 A.2d 1073
(1988) (holding that motion to strike supplemented with memorandum of law complied with specificity requirement)
The plaintiff argues that the special defense of unavoidable accident results in confusion and unfair prejudice. The Supreme Court addressed this concern in Tomczuk v. Alvarez, supra,184 Conn. 182, where the court. decided whether the trial court's refusal to give an "unavoidable accident" jury instruction was proper. Id., 191; see also Dinda v. Sirois, 166 Conn. 68, 71,347 A.2d 75 (1974). In holding that the refusal was not reversible error, the court stated that "instructions concerning avoidable accident usually should be given only when the record can support a finding that the negligence of neither party is involved."Tomczuk v. Alvarez, supra, 191. Then, it is "within the sound discretion of the trial judge to determine whether an unavoidable accident charge is appropriate." Id. Thus, whether or not the CT Page 15469 defendant is allowed to plead the doctrine of unavoidable accident as a special defense, it is still within the discretion of the trial judge to decide how the jury should be charged. SeeBarrese v. DeFillippo, 45 Conn. App. 102, 108-09, 694 A.2d 797
(1997) (affirming trial court's refusal to instruct jury on law of unavoidable accident)
Although the Supreme Court disfavors giving jury instructions on the doctrine; see Tomczuk v. Alvarez, supra, 184 Conn. 190-91; at this stage in the proceedings the plaintiff's concerns of possible confusion and unfair prejudice are only speculative. Moreover, the plaintiff's concerns are misplaced because trial judges exercise discretion in deciding whether a jury instruction on the doctrine is given.
The plaintiff also argues that the defendant's special defense of the doctrine is legally insufficient because the doctrine is appropriately pleaded and proved under a general denial rather than a special defense. "The so-called defense of inevitable or unavoidable accident is nothing more than a denial of . . . negligence, or a contention that [the defendant's] negligence, if any, was not the proximate cause of the injury."Tomczuk v. Alvarez, 184 Conn. 182, 190, 439 A.2d 935 (1981); see also Griffin v. Muzio, 10 Conn. App. 90, 92, 521 A.2d 607 (1987), cert. denied, 203 Conn. 804, 525 A.2d 519 (1987) ("The plaintiff's claim of a `black out' or unavoidable accident is tantamount to a denial of negligence.").
The Supreme Court has identified the purpose of a denial. "A denial of a material fact places in dispute the existence of that fact." Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 6,327 A.2d 583 (1973). "[U]nder a denial, a party generally may introduce affirmative evidence tending to establish a set of facts inconsistent with the existence of the disputed fact." Id. Evidence is properly admitted as a denial of an allegation of a complaint when the purpose of the evidence is to prove facts that are inconsistent with a plaintiff's express allegations and to affect the weight and efficacy of the plaintiff's evidence. Id., 6, 8. "`No facts may be proved under either a general or special denial except as show that the plaintiff's statements of fact are untrue. `"Federal Deposit Ins. Corp. v. Napert-Bover Partnership,40 Conn. App. 434, 444, 671 A.2d 1303 (1996), quoting Practice Book § 164 (now § 10-50). The Connecticut Supreme Court concedes, however, that "the rules concerning what evidence may be introduced under a denial are somewhat complex." Pawlinski v.CT Page 15470Allstate Ins. Co., supra, 165 Conn. 6.
The Supreme Court has also provided instruction on when facts shall be pleaded as special defenses. "If . . . a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the `new matter' must be affirmatively pleaded as a special defense. Id. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. DanaInvestment Corp. , 249 Conn. 1, 17, ___ A.2d ___ (1999); see alsoFederal Deposit Ins. Corp. v. Napert-Boyer partnership, supra,40 Conn. App. 444.
The Supreme Court has not categorically stated that the doctrine must be pleaded as a denial rather than a special defense. Connecticut Superior Court decisions, however, have maintained that the doctrine should be pleaded as a denial rather than a special defense and have granted motions to strike under circumstances similar to those in the present case. See, e.g.,Vilayvong v. KLLM, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 332884 (Sept. 26, 1997, Ford,J.) (unavoidable accident can be pleaded as a denial); Mazza v.Alcock, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320421 (June 17, 1996, Grogins, J.) (17 Conn. L. Rptr. 221) (facts proving unavoidable accident can be proven under denial because they bear on degree of care required by person confronted with emergency); Gold v. American EconomyIns. Co., Superior Court, judicial district of New Haven, Docket No. 380475 (Apr. 26, 1996, Freedman, J.) (16 Conn. L. Rptr. 641) (unavoidable accident should be pleaded as a simple denial);Silvernail v. Barsalou, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 513412 (December 11, 1992, Wagner, J.) (8 Conn. L. Rptr. 70, 71) (striking special defense because doctrine of unavoidable accident should be raised and pleaded as simple denial because it bears on degree of care required by person confronted with emergency).
There is no binding precedent that holds that the doctrine shall be pleaded as a special defense rather than a denial. However, applicable Supreme Court and Superior Court case law support this result. See Tomczuk v. Alvarez, supra,184 Conn. 190-91; Silvernail v. Barsalou, supra, 8 Conn. L. Rptr. 71. Moreover, the substance of the defendant's special defense in the CT Page 15471 present case is that of a denial. See Pawlinski v. Allstate Ins.Co., supra, 165 Conn. 6. Therefore, the plaintiff's motion to strike the defendant's first special defense is granted.
SANDRA VILARDI LEHENY, J.