MICHAEL SHEA *v.* SUZANNE TOUSIGNANT ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued October 12—decision released December 7, 1976

*Donald W. O'Brien,* for the appellants (defendants).

*William F. Gallagher,* with whom, on the brief, was *John P. McKeon,* for the appellee (plaintiff).

LONGO, J.  The plaintiff, Michael Shea, brought this action to recover damages for personal injuries and other losses he sustained on May 15, 1970, as a result of a collision between the automobile he was operating and an automobile owned by the defendant Noe Tousignant and operated by his daughter, the other defendant, Suzanne Tousignant. The plaintiff alleged in his complaint that the named defendant negligently drove the automobile which she was operating in a northerly direction into the southbound lane of route 2 directly into the plaintiff's vehicle which was proceeding in the opposite direction.  The plaintiff further alleged that the defendant had consumed alcoholic beverages and was unfit to operate her car at the time of the collision.  The defendants pleaded the plaintiff's contributory negligence as a special defense.  Following a trial, the jury awarded the plaintiff $36,600 as damages.

The defendants have appealed to this court from the judgment rendered upon the verdict and claim error in the court's denial of their motion to set

the verdict aside, in the court's charge to the jury, and in several rulings on the admissibility of evidence.

The defendants first claim that the trial court erred in refusing to charge the jury with respect to the effect on liability of the named defendant's having either fallen asleep or become unconscious, contending that this was an issue which should have been submitted to the jury as the trier of fact. See *Bushnell* v. *Bushnell,* 103 Conn. 583, 131 A. 432.

The named defendant testified that before the accident she had been in an East Hartford restaurant for about four hours during which time she had consumed two beers. She testified that she did not know how the accident happened, stating that she either passed out or fell asleep before the accident, and that before she lost consciousness she did not in any way feel sleepy, nor did she feel herself dozing, nor feel her eyes closing. She testified further that she felt no effect from the two beers she had consumed while in the restaurant, and that the beers had not affected her driving ability. She also stated she was not feeling well when she left the restaurant. The defendants requested that the court charge the jury as follows: "The defendant Suzanne Tousignant has testified in this case that prior to the accident she had lost consciousness, fainted or fallen asleep. I instruct you that under the law of this state it is not negligent merely to fall asleep, faint or suddenly lose consciousness, and thereby lose control of a car. For you to find that the defendant was negligent by reason of falling asleep, fainting, or losing consciousness, you must first find that she had some advance notice that she was going to fall asleep, faint or lapse into uncon-

sciousness. If you do not find that she had such advance notice, then you may not find that her falling asleep, fainting, or losing consciousness was negligence. Likewise, if you so find that her falling asleep or losing consciousness was without any advance notice, then you may not find her negligent by reason of failing to keep a reasonable and proper lookout for other vehicles, or failing to keep her vehicle under reasonable and proper control, or by reason of driving in the wrong direction on the highway, or by operating her vehicle in such a manner as to endanger life, limb and property." The court refused to charge as requested. It is the defendants' contention that by failing to give the requested charge, the court left the jury totally without guidance as to the effect of becoming unconscious or falling asleep. In the leading case of *Bushnell* v. *Bushnell*, supra, where the defendant operator momentarily fell asleep, causing the automobile to run off the highway and to strike a tree, resulting in injuries to a passenger, the trial court submitted to the jury the question whether, in view of the circumstances preceding and surrounding the accident, the fact that the defendant momentarily fell asleep constituted negligence. This court stated (p. 590): "Certainly in all reason he who, stricken by paralysis or seized by an epileptic fit, still continues with his hands upon the wheel of the automobile he was driving, and, unconscious, so directs it as to cause its collision with another, cannot be held negligent for the way in which he controlled it; and no more can he who exercises a like direction after he has been overtaken by sleep. In such a case, the question must be, was the defendant negligent in permitting himself to fall asleep." See annot., 28 A.L.R.2d 44, § 22, and cases collected

therein. Similar reasoning applies when a driver momentarily lapses into unconsciousness. "Negligence is not to be imputed to the driver of an automobile merely because he suddenly blacks out, faints, or suffers a sudden attack, losing consciousness or control of the car, when he is without premonition or warning of his condition." 8 Am. Jur. 2d 245, Automobiles and Highway Traffic, § 693 n. 17.

We stated further in *Bushnell* v. *Bushnell,* supra, 592, that in the case of the ordinary driver "the mere fact of his going to sleep while driving is a proper basis for an inference of negligence sufficient to make out a prima facie case, and sufficient for a recovery, if no circumstances tending to excuse or justify his conduct are proven." By the trial court's refusal to charge the jury on the effect of unforeseeably falling asleep or losing consciousness, the jury were left uninstructed on this issue.

Because we find merit in the defendants' first assignment of error, we need not treat all of the defendants' claims in detail, but since the case must be remanded for a new trial, it is appropriate to discuss one other issue relating to the court's charge to the jury which may be significant at the second trial. *Thomas* v. *Commerford,* 168 Conn. 64, 70, 357 A.2d 476.

The defendants assigned error in the failure of the court adequately to charge the jury with respect to the inference which might be drawn from the plaintiff's failure to produce a witness. See *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 165 A.2d 598. There was evidence that the plaintiff had been referred by two of his attending physicians to John X. R. Basile, a neurosurgeon, for examination of

his back.  Dr. Basile, after examination, performed a myelogram to rule out a discogenic disorder, and the hospital record reflected a consultation report by Basile before the myelogram and a visit to the plaintiff after the myelogram.  There was sufficient evidence from which the jury could have concluded that Dr. Basile was a witness whom the plaintiff would naturally have produced and there was ample evidence that that witness was available to testify. *Secondino* v. *New Haven Gas Co.,* supra.

The defendants contend that the trial court made no effort to relate its instruction to the facts of the case, or even to identify the person about whom the charge was given.[1]  Although the charge given by the court was legally correct, it was given in the abstract and was insufficient fully to apprise the jury of the identity of the witness who was the subject of the charge.  "The purpose of a charge is to call the attention of the members of the jury, unfamiliar with legal distinctions, to whatever is

[1] The court charged the jury as follows:  "Now, I have been asked to recite the law on a party's failure to call a witness in the case.  The law in regard to that is as follows:  Where a party fails to call to the stand a witness who is within his power to produce and who would naturally have been produced by him, you are entitled — not required, but you are entitled — to infer that had that person testified, the testimony would have been unfavorable to the party failing to call him, and you are to consider that fact in arriving at your decision.  However, there are two requirements before you apply that rule.  Ask yourself was the witness available. And, two, was he a witness whom the party would naturally produce? A witness who would naturally be produced by a party is one who is known to that party and who, by reason of his relationship to that party, or to the issue or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce.  The failure of a party to call as a witness a person who is available to both parties and who does not stand in such a relationship to the party in question or to the issues so that the party would naturally be expected to produce him affords no basis for an unfavorable inference."

necessary and proper to guide them to a right decision in a particular case. It should be a succinct statement of the legal principles involved, with a sufficient reference to the claims of the parties so that the jury can appreciate the bearing of those claims on the facts." *Phoenix Mutual Life Ins. Co.* v. *Brenckman,* 148 Conn. 391, 397, 171 A.2d 194; Maltbie, Conn. App. Proc. § 74. The charge gave no reference to the evidence or to the identity of the particular missing witness to whom the instruction was meant to apply. See *Berniere* v. *Kripps,* 157 Conn. 356, 361, 254 A.2d 496. " 'While the degree to which reference to the evidence may be called for lies largely in the discretion of the court; *Corrievau* v. *Associated Realty Corporation,* 122 Conn. 253, 256, 188 A. 436; an allusion to it is required sufficient to furnish a practical guide to the jury as to how the stated law is to be applied to the evidence before them.' *Schiesel* v. *S. Z. Poli Realty Co.,* 108 Conn. 115, 124, 142 A. 812; *Laukaitis* v. *Klikna,* 104 Conn. 355, 360, 132 A. 913." *Vita* v. *McLaughlin,* 158 Conn. 75, 77, 255 A.2d 848.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.