## SHERRI BARRESE *v.* LOUIS DEFILLIPPO
### (AC 14242)

Foti, Heiman and Schaller, Js.

Argued January 14—officially released May 6, 1997

*Holly K. Dustin*, for the appellant (defendant).

*Nicholas E. Wocl,* with whom was *Brenden P. Leydon,* for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendant, Louis DeFillippo, appeals from the trial court's denial of his motion to set aside the verdict following a jury trial. On appeal, the defendant claims that the trial court improperly (1) failed to set aside the jury verdict because (a) the verdict was inconsistent since the jury found in favor of the plaintiff on both her negligence claim and her intentional assault and battery claim, (b) the verdict was against the weight of the evidence (c) the verdict was excessive as a matter of law; (2) allowed a medical expert to testify despite the fact that the plaintiff had failed to disclose him as an expert witness pursuant to Practice Book § 220; (3) refused to take judicial notice of General Statutes § 14-227a; (4) limited his medical expert's testimony; (5) refused to instruct the jury on the law of unavoidable accident; and (6) instructed the jury on the count of intentional battery. We affirm the judgment of the trial court.

The relevant facts are as follows. The defendant and the plaintiff resided together in a condominium for approximately seven months. On January 7, 1989, the defendant told the plaintiff that in five or six months, when the lease to the condominium expired, he intended to return home to his wife and children. Both parties became emotional. At some point during the conversation, the defendant moved behind the plaintiff and wrapped his arms around her. When the plaintiff pulled away from the defendant, the two lost their balance and fell to the floor. The defendant landed on top of the plaintiff causing her injuries.

In August, 1990, the plaintiff instituted an action against the defendant alleging that his negligence caused her injuries. During the course of litigation, the

plaintiff amended her complaint to include the allega-
tion that the defendant intentionally caused her injuries.
In May, 1994, a jury trial was held. At the completion
of the trial, the jury found for the plaintiff on both the
negligence count and the intentional assault and battery
count. After the trial court denied the defendant's
motion to set the aside the jury verdict, this appeal
followed.

I

A

The defendant claims first that the trial court improp-
erly refused to set aside the jury verdict because it was
internally inconsistent. He claims that, on the basis of
the evidence presented, a jury could not reasonably
find that his conduct was both negligent and intentional.

Before we can review the defendant's claim, we must
first determine whether the defendant properly pre-
served this claim on appeal. "It is an established rule
of appellate practice in this state that in order to obtain
a full review of claims of error in civil jury cases, parties
must raise those errors with the trial court and file a
motion to set aside the verdict." *Kolich* v. *Shugrue*, 198
Conn. 322, 325, 502 A.2d 918 (1986). Our review of the
record reveals that the defendant first raised the claim
of inconsistency in his motion to set aside the verdict.
The defendant never undertook to require the plaintiff
to choose between negligence and intentional battery
and assault, did not except to the jury charge,[1] and, in
fact, submitted jury verdict forms and interrogatories
based on the plaintiff's allegations of both negligence
and intentional tort. Because the defendant's claim was
not properly preserved, we decline to review it. See

[1] At oral argument the following colloquy occurred.

"The Court: Counsel, was there an exception taken to the trial court's
charging as to both theories of liability?

"[Defendant's Appellate Counsel]: No, Your Honor, there was not."

*Peters* v. *Carra*, 10 Conn. App. 410, 412, 523 A.2d 922 (1987). The defendant claims alternatively that, even if this issue was not properly preserved, we should review it under the plain error doctrine. See Practice Book § 4061. "Plain error is reserved for extraordinary circumstances and situations in which the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Snead*, 41 Conn. App. 584, 591, 677 A.2d 446 (1996). This is not the case here. Accordingly, we decline to review the claim under the plain error doctrine.

B

The defendant claims next that the trial court improperly refused to set aside the jury verdict because it was against the weight of the evidence. We disagree.

"A trial court's decision to set aside a jury verdict raises serious issues because of a litigant's constitutional right to have issues of fact and the assessment of damages determined by a jury. . . . [A verdict] should not [be] set aside . . . where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion . . . . It is rudimentary jurisprudence that where a verdict is challenged because of insufficient evidence, the question is whether the jury could reasonably have concluded upon the facts established and inferences reasonably drawn therefrom that the plaintiff had sustained his [or her] burden of proof. . . . On appeal, the evidence will be construed in the light most favorable to supporting the jury's verdict. . . . The decision to set aside the verdict, however, involves the exercise of the trial court's broad discretion, which in the absence of a clear abuse will not be disturbed. In reviewing that decision, we accord it great weight and indulge every reasonable presumption in favor of its correctness." (Citations omitted;

internal quotation marks omitted.) *Gold* v. *University of Bridgeport Law School,* 19 Conn. App. 379, 380–81, 562 A.2d 570 (1989). We conclude that the trial court did not abuse its discretion in refusing to set aside the jury verdict as against the weight of the evidence.

## C

The defendant claims next that the jury verdict should be set aside because it was excessive as a matter of law. We disagree.

"[T]he proper review of a trial court's decision to . . . deny a motion to set aside the verdict as excessive as a matter of law is that of abuse of discretion. . . ." (Citations omitted; internal quotation marks omitted.) *Black* v. *Goodwin, Loomis & Britton, Inc.,* 239 Conn. 144, 167, 681 A.2d 293 (1996); see also *Mulligan* v. *Rioux,* 229 Conn. 716, 753, 643 A.2d 1226 (1994), on remand, 38 Conn. App. 546, 662 A.2d 153 (1995). "On appeal, the test to be applied is whether the verdict 'so shocks the conscience as to compel a reviewing court's conclusion that it was due to partiality, prejudice or mistake.' *Martin* v. *Samulis,* 24 Conn. App. 85, 89, 585 A.2d 1225 (1991)." *Mauro* v. *Yale-New Haven Hospital,* 31 Conn. App. 584, 591, 627 A.2d 443 (1993). "The refusal of the trial court to set aside the verdict, as in this case, is a significant factor in deciding whether it was excessive." *Wood* v. *Bridgeport,* 216 Conn. 604, 611, 583 A.2d 124 (1990). We conclude that the trial court did not abuse its discretion in refusing to set aside the jury verdict as excessive.

## II

The defendant claims next that the trial court improperly permitted the plaintiff's treating physician, Joel Feigenson, to testify at trial. Specifically, the defendant claims that he suffered prejudice because the plaintiff did not disclose Feigenson as an expert witness pursu-

ant to Practice Book § 220 (D). The defendant failed to request a continuance to remedy the claimed disadvantage, however, and, therefore, we decline to review this claim further. See *Kevin Roche-John Dinkeloo & Associates* v. *New Haven*, 205 Conn. 741, 749, 535 A.2d 1287 (1988).

## III

The defendant claims next that the trial court improperly refused to take judicial notice of General Statutes § 14-227a. We disagree.

"[A] trial court's determination not to take judicial notice is essentially an evidentiary ruling. . . . Our role in reviewing evidentiary rulings of the trial court is settled. The trial court has wide discretion in its rulings on evidence and its rulings will be reversed only if the court has abused its discretion or an injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *Drabik* v. *East Lyme*, 234 Conn. 390, 398–99, 662 A.2d 118 (1995). Our review of the record convinces us that the trial court did not abuse its discretion in denying the defendant's request to take judicial notice of § 14-227a.

## IV

The defendant claims next that the trial court improperly limited the testimony of his medical expert, Lewis Siegel. We disagree.

A trial court has broad discretion in ruling on the admissibility of evidence, and such discretion will not be disturbed on appeal except on a showing of a clear abuse of discretion. *Hayes* v. *Manchester Memorial Hospital*, 38 Conn. App. 471, 474, 661 A.2d 123, cert. denied, 235 Conn. 922, 666 A.2d 1185 (1995). At trial, the defendant attempted to have Siegel testify that the plaintiff's blood alcohol content was 0.152 at the time she was admitted to the hospital so that the jurors could make their own determinations as to what the plaintiff's

condition was at the time of the incident. The trial court permitted Siegel to testify as to the plaintiff's condition at the time she was admitted to the hospital, but only for the purpose of challenging her credibility and not for showing what her condition was at the time of the incident.[2] We conclude that the trial court did not abuse its discretion in limiting this evidence in this manner.

## V

The defendant claims next that the trial court improperly refused to instruct the jury on the law of unavoidable accident. We disagree.

In most cases, "[a]n instruction on unavoidable accident serves no useful purpose and functions to confuse and mislead the jury and direct their attention from the primary issues of negligence, proximate cause and burden of proof. An additional, unnecessary instruction on the concept of unavoidable accident would only complicate the rules concerning negligence, proximate cause and burden of proof which must be explained to the jury. Instructions concerning unavoidable accident usually should be given only when the record can support a finding that the negligence of neither party is involved. When a foundation has been established it

---

[2] The following colloquy occurred:

"The Court: Attorney Dustin, you have no evidence, as I understand it, concerning what her condition was at the time of this incident.

"[Defense Counsel]: No, direct evidence, Your Honor, but what I would like for the jury to do is to hear what her condition was at 11:50 and make their determination based upon the expert's assistance telling them what 0.152 means and they will have to decide—

"The Court: That doesn't tell them what 0.152 was—what she had at 10:30 . . . . Okay. I'm going to allow the testimony as to how it effects the general credibility and the jury will be specifically instructed as to—it is not being admitted as to what her condition was at the time of the incident . . . . Again, that is the court's ruling because that doesn't tell me anything about the way she was at 10:30. What I'm concerned with is the credibility issue of how much she had to drink. She testified two or three beers; he's going to testify, 'Hey that ain't so.' In my professional opinion with reasonable medical certainty she had a fair amount more than that."

still remains within the sound discretion of the trial judge to determine whether an unavoidable accident charge is appropriate." *Tomczuk* v. *Alvarez*, 184 Conn. 182 190–91, 439 A.2d 935 (1981). Here, the trial court did not abuse its discretion in refusing to charge the jury on the law of unavoidable accident.

## VI

The defendant claims finally that the trial court improperly charged the jury on the intentional battery count. We disagree.

"A [jury] charge . . . is to be read as a whole without the dissection of its parts. It will not be the source of reversible error absent a determination that the probable effect of the charge was to lead the jury to an incorrect verdict. . . . The charge must be examined to determine whether it fairly presents a case to the jury so that no injustice results and it is not to be examined with a legal microscope, to search for technical flaws, inexact, inadvertent or contradictory statements." (Citations omitted; internal quotation marks omitted.) *Gajewski* v. *Pavelo*, 36 Conn. App. 601, 609, 652 A.2d 509 (1995), aff'd, 236 Conn. 27, 670 A.2d 318 (1996). Viewing the trial court's charge as a whole, we conclude that the trial court properly instructed the jury on the count of intentional battery.[3]

---

[3] The trial court gave the following instructions regarding intentional battery: "For there to be an intentional battery the action producing the injury and the resulting injury must be intentional. However, the resulting injury is deemed to be intentional when the bodily harm inflicted was a direct and actual consequence of the offensive conduct. So, if you find the defendant intended an offensive conduct with the plaintiff and the plaintiff's injuries were a direct and natural consequence of that offensive conduct then you would find the defendant liable for an intentional battery. . . . Now, as was indicated with the intentional battery, there is a claim also for punitive damages. . . . In order to recover for such punitive damages the evidence must show wanton or willful malicious misconduct. A willful and malicious injury is one inflicted intentionally without just cause or excuse. It is not sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was a voluntary action of the person

The judgment is affirmed.

In this opinion the other judges concurred.

involved. Not only the action producing the injury but the resulting injury must also be intentional."