[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ACQUITTAL
The defendant directs this motion to Count Two of the Amended Substitute Information. He complains that Count Two charged the defendant with the violation of Section 53a-70 (a)(1) of the General Statutes and that the jury returned a verdict of guilty on that count. On the surface, the defendant is correct.
The reality of the situation is that the defendant, the defendant's lawyer, the state's attorney, the Court and the jury all knew that the charge in question was actually Section 53a-70
(a)(2) of the General Statutes. The substitution of subsection (1) for (2) was a mere scrivener's error that in no conceivable way prejudiced the defendant.
Subsection (1) essentially pertains to the use or threatened use of force to compel sexual intercourse. There was no real allegation of force to compel this sexual assault on a very young child by the defendant adult. Rather, there was evidence of the seduction of this child by the defendant, including the promises of ice cream sandwiches.
Subsection (2) essentially pertains to an act of intercourse CT Page 8846 with a person who is under thirteen years of age. This was clearly the case here. Everyone knew that.
The language and elements of subsection (2) on Count Two were presented to the jury on five separate occasions, even when subsection (1) was mentioned.
The first occasion was during voir dire when the Court reviewed the charges with the venire panel. The Court described Count Two, (then Count Four)[1] as follows:
 THE COURT: In count four the State charges Jesus Romero with the crime of sexual assault in the first degree and says that on a date or dates between approximately July 1, 1995 and October 31, 1995, at an address in the City of Waterbury, the Defendant engaged in sexual intercourse with a child under the age of thirteen years who was more than two years younger than himself, by having said child, whose date of birth is March 4, 1987, perform fellatio on him, that is, oral sex.
The second occasion is when the clerk read the language and elements of subsection (2) to the jury prior to the commencement of trial. The clerk said the following as to Count Two (then Count Four):
 The said Cara F. Eschuk further accuses the said JESUS ROMERO of the crime of Sexual Assault in the First Degree in violation of Section 53a-70 (a)(1) of the Connecticut General Statutes and charges that on a date or dates between approximately July 1, 1995 and October 31, 1995, at an address in the City of Waterbury, the defendant engaged in sexual intercourse with a child under the age of thirteen years who was more than two years younger than himself by having said child whose date of birth is March 4, 1987, perform fellatio (oral sex) on him.
The third occasion was the Court's charge to the jury on Count Two which followed its, charge to Count One which was another count charging a violation of subsection (2).
The Court charged on Count One and Count Two as follows: CT Page 8847
THE COURT: "The Defendant is charged with the crime of sexual assault in the first degree in violation of our penal code, which provides as follows:
"A person is guilty of sexual assault in the first degree when such person engages in sexual intercourse with another person, and such person is under thirteen years of age, and the actor is more than two years older than such person."
For you to find the Defendant guilty of this charge, the State must prove the following elements beyond a reasonable doubt:
1. That the Defendant engaged in sexual intercourse with another person.
2. That the other person was under thirteen years of age at the time of the sexual intercourse.
3. That the defendant is more than two years older than such person.
Sexual intercourse means, for the purpose of this case, fellatio, that is oral sex. Penetration, however slight, is sufficient to complete fellatio, oral sex, and does not require the emission of semen.
If you find beyond a reasonable doubt that there was sexual intercourse, the State must also prove beyond a reasonable doubt that at the time of the sexual intercourse the person had not yet reached the age of thirteen, and the defendant was more than two years older than such person.
If you find that the State has established these elements beyond a reasonable doubt, then that is sufficient for conviction of this offense. There is no need for the State to prove force or compulsion by the defendant, and it is not a defense, even if the victim consented to sexual intercourse.
Count two is also sexual assault in the first degree, and the dates on this particular charge are July 1, 1995 through October 31, 1995. CT Page 8848
I'm going to refer you to what I just said about sexual assault in the first degree, because it's the very same as this second count. You'll have copies of both, but it's repetitive language, so, I won't bother doing it at this time, just refer you to that. The difference between the two counts are the dates."
The fourth occasion was the physical handing to each juror the counts complete written charge on Count Two naming subsection (2). That charge, possessed by each juror, was as follows:
 "COUNT TWO SEXUAL ASSAULT — FIRST DEGREE 53a-70 (a)(2) (July 1, 1995 — October 31, 1995)
The defendant is charged with the crime of sexual assault in the first degree in violation of § 53a-70 (a)(2) of the Penal Code, which provides as follows: "A person is guilty of sexual assault in the first degree when such person . . . engages in sexual intercourse with another person and such person is under thirteen years of age and the actor is more than two years older than such person[.] . . . For you to find the defendant guilty of this charge, the state must prove the following elements beyond a reasonable doubt: (1) that the defendant engaged in sexual intercourse with another person; (2) that the other person was under thirteen years of age at the time of the sexual intercourse; and (3) that the defendant is more than two years older than such person. Sexual intercourse means for the purpose of this case, fellatio, that is, oral sex. Penetration, however slight, is sufficient complete fellatio or oral sex and does not require the emission of semen.
If you find beyond a reasonable doubt that there was sexual intercourse, the state must also prove beyond a reasonable doubt that at the time of the sexual intercourse the other person had not yet reached the age of thirteen and the defendant was more than two years older than such other person.
If you find that the state has established these elements beyond a reasonable doubt, then that is sufficient for conviction of this offense. There is no need for the state to prove force or compulsion by the defendant, and it is not a defense even if the CT Page 8849 victim consented to sexual intercourse."
The fifth occasion was the actual Amended Substitute Information being handed to the jury before deliberations. It read as follows in pertinent part:
COUNT TWO
The said Cara F. Eschuk further accuses the said Jesus Romero of the crime of Sexual Assault in the First Degree in violation of Section 53a-70 (a)(1) of the Connecticut General and charges that on a date or dates between approximately July 1, 1995 and October 31, 1995, at an address in the City of Waterbury, the defendant engaged in sexual intercourse with a child under the age of thirteen years who was more than two years younger than himself by having said child, whose date of birth is March 4, 1987, perform fellatio (oral sex) on him.
The Amended Substitute Information, filed rapidly upon the Court's granting of a motion for acquittal on two other counts, did erroneously charge subsection (1) as did the verdict form, as to Count Two.
Counteracting that typographical error is a massive amount of reality checks that accurately reflect the verdict being one for guilty under subsection (2). in addition to the aforementioned quintet of correct definitions of subsection (2) to the jury, there are other matters to consider:
 1.) Other than the typographical errors, there was no mention of subsection (1) during the trial. The parties did not present evidence on subsection (1). The parties did not argue subsection (1) to the jury. The jury was not charged on subsection (1). The jury had no knowledge of what subsection (1) contained.
 2.) Counts One and Two were exactly the same in that they charged that the defendant had the child, whose birth date is March 4, 1987, perform fellatio (oral sex) on him. The only difference between the two counts, save the typo, was that the activities were on different dates (Count One prior to July 1, 1995 and Count Two after July 1, 1995.)
 3.) The parties argued Count Two to the jury as if it correctly stated subsection (2).
CT Page 8850
 4.) At the charging conference, the Court discussed its charge on Count Two with the defense and the State and, in fact, gave each a copy of its, intended charge on subsection (2).
 5.) There was no exception taken by the defendant as to the Court's charge on Count Two.
 6.) The defendant did not make a request to charge as to Count Two.
The granting of the defendant's motion for acquittal based upon this scenario would be to exalt form over substance to a level of absurd hyper-technicality.
The Court notes that the defendant did not move for a mistrial on this point, although he learned of this typo at least immediately after the verdict and before the jury had left the courthouse. The Practice Book allows the defendant to file such a motion at any time during the trial. While it may be argued that the trial was over, judgment has not yet been entered. The defendant certainly could have moved for a mistrial before the verdict was accepted and recorded. He did not do so. To do so, he must demonstrate not only that there was a legal defect in the proceedings, but that as a result, there would be "substantial and irreparable prejudice" to his case. P.B. 42-43. He would not have been in a position to do so. The defendant did nothing when the Court was capable of correcting the typo before the verdict and now seeks to capitalize on that inaction.
While the law in this area is sparse, a look at an opinion sin another Connecticut case, while not on all points, certainly creates a legal aura which should give the court direction here.
"The charge must be examined to determine whether it fairly presents a case to the jury so that no injustice results and it is not to be examined with a legal microscope, to search for technical flaws, inexact, inadvertent or contradictory statements". Barrese v. DeFillippo, 45 Conn. App. 102 (1997)
The motion for acquittal is denied. The Court will address this issue accordingly at the time of sentencing.
By the court,
GILL