******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARIE FAIN *v*. BETHANY BENAK ET AL.
(AC 43898)

Alvord, Cradle and Eveleigh, Js.

*Syllabus*

The plaintiff sought to recover damages for personal injuries that she sustained when her vehicle was struck by a vehicle driven by the defendant B, an employee of the defendant Department of Administrative Services. The plaintiff alleged that her injuries were the result of B's negligence. Following a trial to the court, the court rendered judgment in favor of the plaintiff and awarded damages. The plaintiff filed a motion for reconsideration as to her claimed future medical expenses, and attached to that motion a letter from her treating physician, G, which had been admitted as a full exhibit at trial. The letter stated that it was more probable than not that the plaintiff would require future medical treatment. The court granted the plaintiff's motion, awarded additional damages, and the defendant Department of Administrative Services appealed to this court. *Held:*

1. The defendant Department of Administrative Services could not prevail on its claim that the trial court erred in declining to apply the unavoidable accident doctrine, which was based on its claim that B was not negligent because she experienced a sudden emergency caused by the blowout of her left front tire: because the court found that B was negligent and caused the collision with the plaintiff's vehicle, the accident could not be considered unavoidable as a matter of law; the court determined that B was negligent in the way in which she operated the vehicle and that her actions were the proximate cause of the plaintiff's injuries, and, because these findings were inapposite to a determination that the record could support a finding that the negligence of neither party was involved, the court correctly determined that its finding of negligence necessarily precluded a finding that the accident was unavoidable.

2. The trial court did not abuse its discretion in granting the plaintiff's motion for reconsideration after it determined that she had presented sufficient evidence to support an award of damages for future medical expenses: G's letter and certain additional evidence presented at trial supported a conclusion that the plaintiff would incur future medical expenses and also provided evidence as to the specific costs of those expenses; this evidence took the plaintiff's claimed future medical expenses out of the realm of speculation, provided a degree of medical certainty that she would need future care, and presented sufficient evidence from which the court could approximate the costs of future medical treatment.

Argued March 10—officially released July 13, 2021

*Procedural History*

Action to recover damages for personal injuries the plaintiff sustained as a result of the named defendant's alleged negligence, brought to the Superior Court in the judicial district of New London, where the action was withdrawn as to the named defendant; thereafter, the case was tried to the court, *Knox, J.*; judgment for the plaintiff, from which the defendant Department of Administrative Services appealed to this court; subsequently, the court, *Knox, J.*, granted the plaintiff's motion for reconsideration and awarded the plaintiff additional damages, and the defendant Department of Administrative Services amended its appeal; thereafter, the court, *Knox, J.*, denied the motion for reconsideration and to set aside the judgment filed by the defendant Department of Administrative Services, and the defendant Department of Administrative Services amended

its appeal. *Affirmed*.

*James E. Coyne*, for the appellant (defendant Department of Administrative Services).

*Charles K. Norris*, with whom, on the brief, was *Anthony D. Sutton*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant Department of Administrative Services[1] appeals from the judgment of the trial court rendered in favor of the plaintiff, Marie Fain, in this negligence action following a trial to the court. On appeal, the defendant claims that the court erred in (1) declining to apply the "unavoidable accident doctrine" to the facts of the case and (2) granting the plaintiff's motion for reconsideration after it determined that she presented sufficient evidence to support an award of damages for future medical expenses. We affirm the judgment of the trial court.

The following facts, as found by the court in its memorandum of decision, and procedural history are relevant to our discussion of the claims on appeal. On the morning of June 5, 2017, the plaintiff was driving south on Flanders Road in East Lyme. The plaintiff was traveling at the posted speed limit of thirty-five miles per hour. The plaintiff drove this route daily during her commute to her job as a school teacher. That morning, a vehicle operated by the defendant's employee, Bethany Benak, struck the plaintiff's vehicle.[2] The collision happened suddenly and without warning; the two vehicles were heading in opposite directions and were in their respective lanes when Benak's vehicle crossed into the plaintiff's lane, the southbound lane, and struck the plaintiff's vehicle. On impact, the plaintiff's vehicle spun and entered the northbound lane, where it collided with another vehicle. Finally, the plaintiff's vehicle came to a stop at a stone wall. On the basis of the plaintiff's testimony, which the court found was credible, the court determined that during the course of the accident, Benak's vehicle crossed the center line and did not slow down.

Just prior to the accident, Benak heard a popping sound, and the vehicle she was operating pulled to the left,[3] toward the southbound lane of traffic. At trial, the police officer who responded to the scene testified that Benak's front left tire appeared to have blown out, and the court found that there was a tear in the tire. At the time the tire burst, Benak did not know the speed at which she was traveling, whether she had applied her vehicle's brakes, or how far she was from the plaintiff's vehicle.

After the accident, an ambulance transported the plaintiff to the emergency department of a hospital. The plaintiff sustained a fractured hip, a bruised kidney, and a fractured arm as a result of the accident. Due to the nature of the fracture, her arm required surgery to attach a plate and screws to the broken bone. The plaintiff remained hospitalized for four days before being discharged to a rehabilitative center for two weeks. Because of the fracture in her hip, the plaintiff was "non-weight bearing" for approximately two

months and, as a result, spent much of her time in a bed or a wheelchair. In addition to these physical ailments, the plaintiff was unable to take part in her normal summertime activities and was unable to properly care for herself or her family. Furthermore, the plaintiff was unable to return to work as an elementary school teacher until December, 2017, six months after the accident. At the time of trial, two and one-half years after the accident, the plaintiff continued to experience pain as a result of her injuries.

On August 15, 2018, the plaintiff commenced the present action. In the plaintiff's operative complaint, filed on December 2, 2019, she alleged that Benak was negligent and claimed that the defendant was liable for the plaintiff's damages pursuant to General Statutes § 52-556.[4] The case was tried to the court, *Knox, J.*, on December 12 and 13, 2019. Both parties submitted post-trial briefs. On January 15, 2020, the court issued its memorandum of decision, in which it found that Benak had negligently operated her vehicle and had caused the collision with the plaintiff's vehicle. The court rendered judgment in favor of the plaintiff and awarded damages in the amount of $344,867.33. This award included compensation for economic damages in the amount of $84,867.33[5] and noneconomic damages in the amount of $260,000.

In its memorandum of decision, the court found that it was reasonably probable that the plaintiff would require future surgery and physical therapy; however, the court also found that there was "insufficient evidence upon which to determine future medical expenses." On January 23, 2020, the plaintiff filed a motion for reconsideration as to her claimed future medical expenses and attached a letter from her treating physician, Daniel Gaccione, which was admitted into evidence as a full exhibit during trial. The defendant objected to the plaintiff's motion for reconsideration. While the motion was pending, the defendant filed this appeal. On February 11, 2020, the trial court granted the plaintiff's motion for reconsideration and awarded the plaintiff an additional $14,250 in damages for future medical expenses.[6]

On February 3, 2020, while the plaintiff's motion for reconsideration remained pending, the defendant filed a motion for reconsideration, reargument and to set aside the judgment in favor of the plaintiff. On February 17, 2020, the court denied the defendant's motion. The defendant thereafter amended its appeal. Additional facts will be set forth as necessary.

I

The defendant first claims that the trial court erred in refusing to apply the "unavoidable accident doctrine" to the facts of the case. In particular, the defendant argues that the court should have applied the "unavoidable accident doctrine" because "the blowout of the tire

was not foreseeable and amount[ed] to an unavoidable accident." We disagree.

Before we address the substance of the defendant's first claim, we set forth the appropriate standard of review. The defendant maintains that whether a court should apply the "unavoidable accident doctrine" is a question of law subject to plenary review. The plaintiff, on the other hand, maintains that our review is guided by the abuse of discretion standard.

"The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts as they appear in the record." (Internal quotation marks omitted.) *DeLeo* v. *Equale & Cirone, LLP*, 202 Conn. App. 650, 659, 246 A.3d 988, cert. denied, 336 Conn. 927, 247 A.3d 577 (2021).

In its memorandum of decision, the court set forth its determination with respect to the applicability of the "unavoidable accident doctrine" as follows: "In *Shea* v. *Tousignant*, [172 Conn. 54, 372 A.2d 151] (1976), the court held that liability cannot be imposed on the operator of a vehicle who has a sudden medical emergency resulting in the loss of control of the vehicle. See also *Smith* v. *Czescel*, [12 Conn. App. 558, 533 A.2d 223, cert. denied, 206 Conn. 803, 535 A.2d 1316] (1987). The court rejects the application of the 'unavoidable accident' doctrine for the following reasons. First, there is no claim that Benak experienced a sudden medical emergency which prevented her . . . [from] maintain[ing] control of the vehicle. This court will not by analogy extend the doctrine to a mechanical issue with the vehicle. Second, and more significantly, the court finds that the plaintiff has sustained her burden of proof that the driver of the state vehicle negligently operated her vehicle and caused the collision with the plaintiff's vehicle in one or more of the ways set forth in the operative complaint."

The defendant does not argue clear error with respect to the court's factual finding that there was no claim that Benak experienced a sudden medical emergency that prevented her from controlling her vehicle or its factual finding that Benak negligently operated her vehicle. Rather, the defendant claims only that the court erred in declining to apply the concept of unavoidable accident to these facts. Our resolution of this issue depends on whether the court properly declined to apply the "unavoidable accident doctrine" to the facts of this case.[7] Therefore, our standard of review is plenary.

Having established the standard of review, we turn

to the defendant's claim that the court erred in refusing to apply the "unavoidable accident doctrine." The plaintiff responds that the "court's decision to not apply the unavoidable accident doctrine to the evidence adduced at trial was correct, as the trial court clearly and unequivocally found that the defendant's operator was negligent as alleged by the plaintiff in the operative complaint." We agree with the plaintiff.

The following additional facts are relevant to our resolution of this claim. In the trial court's memorandum of decision, the court expressly credited the plaintiff's testimony that "the state vehicle when it was approaching the plaintiff's vehicle crossed the center line and failed to slow down." The court found that "the plaintiff [had] sustained her burden of proof that the driver of the state vehicle negligently operated her vehicle and caused the collision with the plaintiff's vehicle in one or more of the ways set forth in the operative complaint." Further, the court determined that Benak's negligence was the proximate cause of the plaintiff's damages.

In her operative complaint, the plaintiff alleged that Benak was negligent in a number of ways. The allegations relate to Benak's actions *after* her tire blew out, with the exception of the allegation that she failed to adhere to the speed limit in the time leading up to the accident. [8] Failing to remain in her lane, failing to brake, and general inattentiveness while driving are among the allegations.[9]

On the basis of these theories of liability and the evidence presented at trial, the court determined that the plaintiff proved that Benak "negligently operated her vehicle and caused the collision with the plaintiff's vehicle . . . ." On the basis of the court's conclusion that the plaintiff proved that Benak negligently operated her vehicle, the court "[rejected] the application of the 'unavoidable accident' doctrine" to the facts of the case. The court elucidated that there was "no claim that Benak experienced a sudden medical emergency which prevented her [from] maintain[ing] control of the vehicle," and it declined to extend "by analogy . . . the doctrine to a mechanical issue with the vehicle."

On appeal, the defendant argues that, because Benak "experienced a sudden, unexpected emergency, caused by the blowout of her left front tire causing her to cross over the centerline of the highway and go partially into the lane in which the plaintiff was operating her vehicle," she was not negligent. It is the defendant's position that, "in order for the plaintiff to prevail the plaintiff would have had to have produced evidence that . . . Benak had some 'premonition, warning, or advanced notice' that the tire on the subject vehicle was about to blow out." This argument is premised on the defendant's claim that the "unavoidable accident doctrine" precludes liability. However, this argument is not

responsive to the plaintiff's allegations or to the court's findings.

The defendant does not challenge on appeal the trial court's findings aside from its claim that the "unavoidable accident doctrine" precludes a finding of negligence and its related claim that, in order to prevail at trial, the plaintiff needed to prove that Benak knew of the impending blowout or negligently caused it to occur.[10] Ultimately, because the court found that Benak was negligent, the accident cannot be considered unavoidable or inevitable as a matter of law.

In support of its claim, the defendant relies on Professors Prosser and Keeton's definition of "unavoidable accident," which provides that "[a]n unavoidable accident is an occurrence which is not intended and which, under all the circumstances, could not have been foreseen or prevented by the exercise of reasonable precautions. That is, an accident is considered unavoidable or inevitable at law if it was not proximately caused by the negligence of any party to the action, or to the accident. . . . [T]he driver of an automobile who suddenly loses control of the car because the driver is seized with a heart attack, a stroke, a fainting spell, or an epileptic fit is not liable, unless the driver knew that he might become ill, in which case he may have been negligent in driving the car at all." (Footnotes omitted.) W. Keeton et al., Prosser and Keeton on the Law of Torts (5th Ed. 1984) § 29, p. 162.

In Connecticut, this concept has been incorporated into a model jury instruction, which provides: "The defendant claims that any injury suffered by the plaintiff was the result of an unusual or unexpected event and was not the result of either party's negligence. If you find that the alleged injuries and/or losses in question did not result from either the defendant's or the plaintiff's negligence but were caused solely by some other happening, then the defendant is not liable to the plaintiff." Connecticut Civil Jury Instructions 3.6-16, available at https://www.jud.ct.gov/JI/Civil/Civil.pdf (last visited July 7, 2021). Our Supreme Court has condoned this instruction only in the context of a driver losing consciousness while operating a motor vehicle. See *Shea* v. *Tousignant*, supra, 172 Conn. 56, 58 (directing trial court to provide instruction on remand in case in which defendant passed out or fell asleep without warning). Additionally, on more than one occasion, the court has expressed disapproval of the charge. See, e.g., *Tomczuk* v. *Alvarez*, 184 Conn. 182, 190–91, 439 A.2d 935 (1981); see also W. Keeton et al., supra, § 29, p. 163 (noting that instructions on doctrine have fallen into disfavor in many states).

The concept of unavoidable accident does not excuse a defendant from liability. Rather, it contextualizes the question of whether an actor has been negligent. See *Tomczuk* v. *Alvarez*, supra, 184 Conn. 190–91. Indeed,

our Supreme Court has explained that "[a]n instruction on unavoidable accident serves no useful purpose and functions to confuse and mislead the jury and direct their attention from the primary issues of negligence, proximate cause and burden of proof. An additional, unnecessary instruction on the concept of unavoidable accident would only complicate the rules concerning negligence, proximate cause and burden of proof which must be explained to the jury. Instructions concerning unavoidable accident usually should be given only when the record can support a finding that the negligence of neither party is involved. When a foundation has been established it still remains within the sound discretion of the trial judge to determine whether an unavoidable accident charge is appropriate. Even if we assume an abuse of discretion, instructions on negligence, proximate cause and burden of proof could operate as a sufficient substitute for the unavoidable [accident] charge so as to preclude us from finding error." Id.; see also *Barrese* v. *DeFillippo*, 45 Conn. App. 102, 108–109, 694 A.2d 797 (1997).

In the present case, the court, acting as the fact finder, determined that Benak was negligent in the way in which she operated her vehicle, noting issues with her speed and braking, and that her actions were the proximate cause of the plaintiff's injuries. Because these findings are inapposite to a determination that "the record can support a finding that the negligence of neither party is involved"; (internal quotation marks omitted) *Barrese* v. *DeFillippo*, supra, 45 Conn. App. 108; the court correctly determined that its finding of negligence necessarily precluded a finding that the accident was unavoidable.[11]

## II

The defendant's second claim is that the court erred in granting the plaintiff's motion for reconsideration and in increasing the award of damages to include future medical expenses. We disagree.

The question of whether to grant a motion for reconsideration "is within the sound discretion of the court." *Shore* v. *Haverson Architecture & Design, P.C.*, 92 Conn. App. 469, 479, 886 A.2d 837 (2005), cert. denied, 277 Conn. 907, 894 A.2d 988 (2006). "The standard of review regarding challenges to a court's ruling on a motion for reconsideration is abuse of discretion. As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Internal quotation marks omitted.) Id.

The following additional facts are relevant to our resolution of this claim. As discussed previously, the court, in its memorandum of decision, determined that there was insufficient evidence on which to determine future medical expenses. In support of her motion for

reconsideration, the plaintiff attached a letter from her physician, which was admitted as a full exhibit during the trial. Gaccione stated in his letter: "With [regard] to further treatment, there is a better than 50 [percent] chance that it may be necessary to remove [the plaintiff's] left forearm hardware in the future. In addition, she may require physical therapy treatment for up to [ten] visits on an annual basis for the next several years while she continues to recover from her right hip and lower back injuries. In other words, it is more probable than not that she would require this treatment related to her left ulna and right acetabular fracture/lumbar sprain in the future." Gaccione went on to state that future arm surgery would cost between $6000 and $8000 and that physical therapy usually costs between $100 and $150 per visit. At trial, the plaintiff also introduced a summary of her physical therapy visits showing that she already had incurred $4987 in physical therapy bills; this exhibit was entered into evidence in full. Additionally, in its initial memorandum of decision, the court found that the plaintiff had a life expectancy of thirty-seven years. Upon review of the plaintiff's motion and over the defendant's objection, the court found "that the plaintiff offered sufficient evidence of the reasonable cost of future medical expenses for the surgical removal of hardware for the right acetabular fracture and physical therapy treatments. The court award[ed] the plaintiff future medical expenses in the sum total of $14,250."

On appeal, the defendant argues that because the letter from Gaccione "does not provide the court . . . with sufficient evidence to make a reasonable estimate of the cost of such treatment . . . [and] does not provide the court with sufficient evidence upon which to calculate how much physical therapy is going to be necessary and for how long . . . the award of . . . future medical expenses is not supported by the evidence . . . ." We disagree.

"Damages for the future consequences of an injury can never be forecast with certainty." (Internal quotation marks omitted.) *Marchetti* v. *Ramirez*, 240 Conn. 49, 56, 688 A.2d 1325 (1997). Accordingly, an award of future medical expenses should be "based upon an estimate of reasonable probabilities, not possibilities. . . . The obvious purpose of this requirement is to prevent the [fact finder] from awarding damages for future medical expenses based merely on speculation or conjecture. Because, however, [f]uture medical expenses do not require the same degree of certainty as past medical expenses . . . [i]t is not speculation or conjecture to calculate future medical expenses based upon the history of medical expenses that have accrued as of the trial date . . . *when there is also a degree of medical certainty that future medical expenses will be necessary*." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 54–55.

In *Marchetti*, the plaintiff's treating physician "expressed the opinion that the plaintiff [would] require future medical treatment for his injuries." Id., 55. Although the physician could not estimate the costs of that future treatment, our Supreme Court determined that the jury reasonably could have awarded the plaintiff damages for future medical expenses because "the evidence established that the plaintiff had received medical treatment for his injuries on a regular basis since the date of the accident," and because the plaintiff established life expectancy and total costs of treatment as of the date of trial. Id., 56.

In the present case, Gaccione's letter and the additional evidence presented at trial support a conclusion that the plaintiff would incur future medical expenses and also provided evidence as to the costs of her future medical expenses. Specifically, the plaintiff submitted evidence of the treatment she likely would need in the future (follow-up arm surgery and physical therapy), the costs of such treatment (between $6000 and $8000 for the arm surgery and between $100 and $150 per physical therapy appointment), the approximate length of time she would need physical therapy (several years), her past medical expenses (including $4987 for physical therapy), and her life expectancy (thirty-seven years). This evidence took the plaintiff's claimed future medical expenses out of the realm of speculation, provided "a degree of medical certainty" that she would need future care, and presented sufficient evidence from which the court could approximate the costs of future medical treatment. (Emphasis omitted; internal quotation marks omitted.) *Marchetti* v. *Ramirez*, supra, 240 Conn. 55. Thus, the trial court did not abuse its discretion in granting the motion for reconsideration and in determining that this evidence was sufficient to support the award of future medical expenses.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Although the plaintiff's complaint originally also named Bethany Benak as a defendant, the plaintiff subsequently withdrew her complaint against Benak, and Benak is not a party to this appeal. We refer in this opinion to the Department of Administrative Services as the defendant.

[2] The defendant admits that Benak "was operating a vehicle owned and insured by the defendant . . . and with its full permission and consent," and that her operation of the vehicle was in the course of her employment when the accident occurred.

[3] In its memorandum of decision, the court stated that Benak testified that "prior to the impact, she heard a pop-like sound and experienced the car pull to the right," but, as noted by the defendant in its principal appellate brief, Benak's testimony indicates that the vehicle pulled to the left and into the other lane of traffic.

[4] General Statutes § 52-556 provides: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury."

[5] The award of economic damages included compensation for medical bills ($59,699.05), lost wages ($23,289), and expenses incurred to modify the plaintiff's home to accommodate her wheelchair ($1909.28).

[6] The defendant filed a motion for articulation and rectification as to the court's award of damages for future medical expenses. The court denied the motion. The defendant did not seek review of the court's ruling denying its motion for articulation.

[7] We note that a trial court's denial of a request to charge the jury on unavoidable accident is subject to abuse of discretion review. See *Tomczuk* v. *Alvarez*, 184 Conn. 182, 190–91, 439 A.2d 935 (1981); see also *Barrese* v. *DeFillippo*, 45 Conn. App. 102, 108–109, 694 A.2d 797 (1997). In the present case, however, plenary review is appropriate to address the applicability of the unavoidable accident concept in light of the court's unchallenged findings of negligence.

[8] The plaintiff's allegations in her operative complaint are as follows: Benak (1) "[f]ailed to grant one half of the highway to the plaintiff's vehicle in violation of" General Statutes § 14-231; (2) "[f]ailed to pass to the right of the plaintiff's vehicle in violation of" § 14-231; (3) "[f]ailed to grant the right of way to the plaintiff's motor vehicle"; (4) "[f]ailed to grant one half of the highway to the plaintiff's motor vehicle"; (5) "[f]ailed to operate her motor vehicle upon the right in violation of" General Statutes § 14-230; (6) "[f]ailed to keep a proper and reasonable lookout for other motor vehicles on the highway"; (7) "[f]ailed to apply her brakes in time to avoid a collision although by a proper and reasonable exercise . . . of her faculties, she could and should have done so"; (8) "[f]ailed to turn her motor vehicle so as to avoid a collision with the plaintiff's motor vehicle"; (9) "[f]ailed to sound her horn or otherwise warn the plaintiff of the impending collision"; (10) "[f]ailed to take reasonable precautions to avoid the collision"; (11) "[f]ailed to keep her motor vehicle under proper and reasonable control"; (12) "[w]as inattentive and failed to keep and maintain a reasonable and proper lookout"; (13) "[o]perated her motor vehicle at an excessive rate of speed in violation of" General Statutes §14-219; (14) "[o]perated her motor vehicle at a rate of speed greater than was reasonable, having regard to traffic, highway, weather, and other conditions, in violation of" General Statutes §14-218a; (15) "[o]perated her motor vehicle at an excessive rate of speed under the circumstances then and there existing"; (16) "[o]perated her motor vehicle on the left side of the highway in violation of" General Statutes §§ 14-235 and 14-234; (17) "[d]rove her motor vehicle on the left side of the highway into the path of the plaintiff's vehicle; and (18) "[f]ailed to operate her motor vehicle within her single lane of traffic in violation of" General Statutes § 14-236.

[9] At no point does the plaintiff claim that Benak negligently caused the blowout or that she had notice of the impending mechanical problem.

[10] The defendant asserts that this issue is based on a question of law, indicating that it does not dispute the trial court's factual findings.

[11] Because the court found that the plaintiff's injuries were a result of Benak's negligence and were not caused by an unavoidable accident, we need not address whether this concept applies to mechanical issues.

---